Will Johnson v. The State.

No. 287.  Decided January 12, 1910.

**1.—Theft of Horse—Charge of Court—Confessions—Practice on Appeal—Bill of Exceptions.**

Where, upon appeal from a conviction of theft of a horse, it appeared from the record that no bill of exceptions had been reserved in the court below showing that any statements or confessions by defendant were introduced in evidence, there was no error in refusing requested instructions on such alleged testimony; besides, no confessions of this kind appeared in · the statement of facts.

**2.—Same—Charge of Court—Possession.**

Where, upon trial for theft of a horse, the State's evidence showed that the defendant had been found in possession of the alleged stolen horse, and had swapped him for another, there was no error in the court's refusal of a requested charge that they must acquit defendant unless the jury believed, beyond a reasonable doubt, that defendant was in exclusive possession of the horse alleged to have been stolen.

Appeal from the Criminal District Court of Dallas.  Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of theft of a horse; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for horse theft, the punishment being assessed at four years confinement in the penitentiary.

The alleged owner lost a bay horse, described by the witnesses as having a white spot in his face, and three white feet.  A witness for the State saw appellant in possession of this horse early one morning. He further saw him take the harness from the horse, and turn him over to another party whose name is given, and receive from the other party a sorrel horse, to which appellant transferred the harness he had taken from the bay horse.  There are other facts and circumstances in the case sustaining the State case.  Appellant's theory was that he did not take the alleged stolen horse, and that at the time State's witness saw him with the horse he was simply getting the sorrel horse from the party referred to in order to train him to harness.  These matters were in evidence before the jury, and we are of opinion the evidence is sufficient to sustain the State's contention that appellant was the party who took the horse.

1.  Appellant asked first a peremptory instruction of acquittal, which was refused; then he also requested the court to charge the

jury that any evidence of any statement made by the defendant to or in the presence of the witness Cooper, if any such statement was made, was made while the defendant was under arrest, and, therefore, not competent evidence to be considered. A similar charge was asked in regard to the same matter or statements or confessions made to Britton, and the charge was put in another form by requested instruction not to consider the evidence of either or both of the witnesses, Britton and Cooper, as to any such statements. We are of opinion the court did not err in refusing these instructions. There was no bill of exceptions reserved showing that any statement or confessions were made, and the statement of facts does not incorporate any statement or confession of the appellant. There was no predicate, therefore, as we understand this record for requesting such instructions.

2. Another charge was asked to the effect that unless the jury should believe beyond a reasonable doubt that defendant was in exclusive possession of the horse alleged to have been stolen, and further find beyond a reasonable doubt that the defendant did steal said horse, they will acquit the defendant. This was refused. The court instructed the jury that unless they should find that appellant committed the theft, they should acquit, and also gave a very clear charge in reference to circumstantial evidence. As we understand the facts, there was no question of the fact that appellant was in possession of a bay horse. He claimed that the horse did not belong to him at the time, but was in possession of another party. Under the circumstances stated above, that is, the State's witness testified that appellant had the possession of the horse, and took the harness off of the horse, and swapped it to another man for a sorrel horse; that appellant immediately took the harness off of the bay horse, and put it on the sorrel horse that he got from another party; that the other party transferred his harness to the bay horse, it was no error to refuse the charge. Each one of them seemed to have been driving in a separate buggy. Though appellant said the other man had possession of both horses, yet it is evident that appellant was driving the bay horse at the time, and took the bay horse from his buggy, and turned him over to the other party, and received in exchange the sorrel horse. Under the circumstances we are of opinion that the evidence shows that appellant was in the exclusive possession of the bay horse at the time of the exchange or swap, and, therefore, this charge was not called for. Appellant did not in any way undertake to account for the fact that his buggy was at the point in Dallas where he and the State's witness showed that it was, which was near the jail, upon any other theory than appellant had driven it there with the bay horse hitched to it. Appellant testified, and it is shown beyond dispute that appellant lived in another and distant part of the city. This matter occurred early in the morning.

We are of opinion there is no sufficient error in this matter, if any at all, which would require a reversal of the judgment.

The judgment is therefore affirmed.

*Affirmed.*