YATES v. STATE.

(Court of Criminal Appeals of Texas. Jan. 15, 1913.)

1. CRIMINAL LAW (§ 829*)—REQUESTED INSTRUCTIONS—REFUSAL.

A requested instruction that if the jury believed that the wife alleged to have been assaulted by the defendant, her husband, sustained bodily injuries at the time alleged, or if they believed or had a reasonable doubt as to how the same were occasioned, whether by accident or fall, and were not caused by violence on his part, and that he was at the time intending to do her no bodily harm, or if they had a reasonable doubt of the same, to acquit him, was sufficiently covered by a given instruction that "if you believe that she sustained bodily injury at the time alleged, but you further believe that said injury, if any, was not caused by any violence on the part of the defendant, and that he was at the time intending to do her no injury, or if you have reasonable doubt of the same," to acquit the defendant, and its refusal was not error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. § 829.*]

2. ASSAULT AND BATTERY (§ 96*)—VIOLENCE—INJURIES—PRESUMPTIONS.

Where defendant denied assaulting his wife and insisted that the bodily injuries she received at the time they were struggling for the possession of a baby were accidental, and there was evidence that he caused the injuries, an instruction that, when an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show accident or innocent intention, was proper, under Pen. Code 1911, art. 1009, providing that intent to injure is presumed.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 142–150; Dec. Dig. § 96.*]

3. CRIMINAL LAW (§§ 419, 420*)—HEARSAY EVIDENCE.

One charged with having assaulted his wife, who left him and went out of the state, although asked on cross-examination if he did not go after her and have a conversation with her, having so testified on direct examination, was properly not permitted to detail to the jury the conversation he had with her.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 973–983; Dec. Dig. §§ 419, 420.*]

4. CRIMINAL LAW (§ 656*)—TRIAL—REMARKS OF COURT.

Where the court remarked, on sustaining an objection to evidence, that it was the "rankest kind of hearsay testimony," there was no error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1524–1533; Dec. Dig. § 656.*]

5. CRIMINAL LAW (§§ 419, 420*).—EVIDENCE—AFFIDAVITS.

Where a defendant, prosecuted for assaulting his wife, had applied for a continuance to take her deposition, she having left the state, but failed to get it, the court did not err in refusing to admit affidavits and other papers claimed to be signed by her attempting to exonerate him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 973–983; Dec. Dig. §§ 419, 420.*]

6. CRIMINAL LAW (§ 721½*)—TRIAL—CONDUCT OF COUNSEL.

Where a defendant was granted a continuance to take the deposition of his wife, whom he was charged with assaulting and who had left him, the court did not err in permitting the prosecuting attorney to comment on his failure to take such deposition.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1677; Dec. Dig. § 721½.*]

7. CRIMINAL LAW (§ 730*) — TRIAL — ARGUMENT OF COUNSEL—REMARKS OF COURT.

Where defendant's attorney in his argument to the jury told them the substance of a conversation which the court had not allowed the defendant to introduce because it was hearsay, the court did not commit error by merely admonishing him to stay within the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693; Dec. Dig. § 730.*]

Appeal from Smith County Court; Jesse F. Odom, Judge.

E. T. Yates was convicted of aggravated assault and battery, and he appeals. Affirmed.

Fitzgerald, Butler & Bulloch, of Tyler, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was charged with an aggravated assault and battery upon a woman; he being an adult male. The jury found him guilty and assessed his punishment at a fine of $25 and one month in jail.

The evidence is clearly sufficient to justify the conviction.

[1] Appellant complains that the court refused to give his charge to the effect that if they believed from the evidence that his wife, the assaulted party, at the time alleged in the complaint, sustained bodily injuries or bruises on her person, or if they believed or have a reasonable doubt as to how the same were occasioned, whether it was caused by an accident or fall, and was not caused by violence on his part, and that he was at the time intending to do her no bodily harm, or if they had a reasonable doubt of the same, to acquit him. The court did not err in not giving this charge, because in a separate paragraph, after submitting affirmatively the state's side of the question, he charged: "But if you believe from the evidence that Ada Yates sustained bodily injury at the time alleged in the information, but you further believe that said injury, if any, was not caused by any violence on the part of the defendant, and that he was at the time intending to do her no injury, or if you have a reasonable doubt of the same," to acquit the defendant. The court evidently gave this charge in response to and in accordance with the said requested charge by appellant, and it substantially covers the same ground and was sufficient.

[2] The court in telling the jury what the law was in the first part of the charge, and in a separate paragraph, said: "The law provides that the use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or degree of violence used, is an assault and battery. When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention." The court did not err in giving the last sentence of said charge, which is a quotation of article 1009 of the P. C. Outside of the fact that appellant denied that he had committed an assault and battery upon his wife, his contention was that the injuries shown upon her face and head were caused in some way by an accidental fall when they were both struggling for the possession of their young child. Under the circumstances of this case it was proper for the court to have laid down, as it did, that correct statutory provision as a part of the law of the case. The proof clearly showed that his wife did have an injury on her head and face on the occasion in which appellant is charged with the assault and battery upon her, and the proof by the state clearly tended to show, if it did not without doubt establish, that these injuries were caused by his assault and battery upon her at the time. That she was injured seems not to have been disputed. Whether they were accidently caused as contended for by him, or inflicted by him, was the question submitted to the jury, and it was necessary to lay down the law applicable thereto as the court did.

[3, 4] The testimony without contradiction shows that soon after this alleged assault and battery Mrs. Yates, the wife of the appellant, took her child and moved to, and has since remained with, her parents in Tennessee. He testified on the trial, and, among other things, on his direct examination testified that soon after this assault his wife went to her father's home in Tennessee; that after she left and went to Tennessee he went to Tennessee and had a conversation with her about this difficulty; that he was present in court at the October term when his attorneys made an application for continuance in this case for the purpose of taking his wife's depositions; that he had not and they did not take her depositions; that he left that matter with them and does not know why they did not take her depositions. Of course, he having so testified on cross-examination, it was clearly proper for the county attorney to cross him on the same point and to ask him in substance substantially the same thing, and if he had not talked to his wife about the facts of the case, when he saw her in Tennessee on the occasion mentioned. By his cross-examination he did not ask nor procure from the witness any statement of what he said to his wife, or she said to him, on that occasion. The court did not therefore err in refusing to permit him to detail to the jury the conversations he had with his wife on that occasion and what she said to him about this assault, in effect, telling him that he had not committed an assault and battery upon her at the time. The court correctly sustained the objection to this, that it was hearsay and, of course, did not err in stating, upon sustaining such objections, that it was the rankest kind of hearsay testimony.

[5] Neither did the court err in refusing to permit the appellant to introduce her affidavit and other papers claimed to have been signed by her attempting to exonerate him from this offense. Under the law he had the right to take her depositions. In order to do so, of course, the state would have the right to cross whatever interrogatories were propounded to her and thereby seek to

bring out the facts, and her ex parte affidavits or statement to appellant could in no event be made to take the place of any such depositions. The state had no right to take her depositions, but the appellant did.

[6] Neither did the court err in permitting the county attorney to comment upon the fact that appellant did not under the circumstances take the depositions of his wife, as has uniformly and many times been decided by this court.

[7] No reversible error is shown by the court's admonishing the appellant's attorney in his argument to stay within the record, upon objection by the state's attorney to his argument that if he had been permitted, and the court had permitted him, appellant, while he was on the stand, would have told them what his wife had confessed to him, and that he had not assaulted her, and that it was her fault. Appellant sought to introduce this ex parte hearsay statement of what his wife had said to him, and it was improper for the appellant's attorneys to have so stated to the jury, and no error is shown, as stated, by the court merely admonishing him, when objection was made, to stay within the record.

There being no reversible error shown, the judgment will be in all things affirmed.