ROY NIX v. THE STATE.

No. 20067.   Delivered January 4, 1939.
Rehearing Denied February 8, 1939.

The opinion states the case.

*Cox & Hayden*, of Abilene, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is theft of property over the value of $50. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant's first and main contention seems to be that the evidence is insufficient to sustain his conviction.

It appears from the record that S. C. Herring had nine joints of ten inch pipe stacked on a place occupied by Joe Arnold. This pipe had a "T" cut on it with a cold chisel on each joint near the collar. Sometime during the afternoon of June 9, Mr. Herring sent a man with a truck to the Arnold place with instructions to bring back one joint of the pipe. The next morning he sent the man back to bring back more of the pipe, but it was gone, having disappeared during the night. On the morning following the night on which the theft occurred, appellant appeared at the Abilene Pipe Supply Company in the City of Abilene and unloaded eight joints of ten inch pipe. He told Mr. Fox, the owner and proprietor, that he desired to sell it: Mr. Fox purchased three of the joints for $102.00 and sold them before noon of the same day to Mr. Herring, who at the time was in need of said pipe. After Mr. Herring carried the three joints of pipe to where he intended using them, he discovered that each joint had a "T" cut on it near the collar with what appeared to be a cold chisel. He then went back to Abilene Pipe and Supply Company, inspected the remaining five joints and found that each of them had a "T" cut on it near the collar. He was convinced that this was the same pipe that had been taken from the Arnold place without his knowledge or consent. He identified it as his property by the marks thereon, the number, size and length of each joint.

Appellant did not testify but produced several witnesses who testified that they saw him purchase the pipe from some

man who he met on highway 80-A, whose truck had become disabled and who was therefore unable to transport the pipe any further. That this man offered to sell the pipe to appellant at ninety cents per foot. That appellant then and there purchased the pipe, paid him for it and transferred it to his own truck. The witnesses testified that they did not know this stranger, had never seen him before or since, and did not learn his name or where he resided. It seems that this stranger, after he had disposed of this pipe to appellant and had the money therefor in his pocket, disappeared as mysteriously as he had appeared on the highway. It is a well recognized rule of evidence that the unexplained possession of recently stolen property is a circumstance from which an inference of guilt arises which is sufficient to sustain a conviction. See Sec. 2464 Branch's Ann. P. C., p. 1332 and authorities cited; Roberts v. State, 60 Tex. Crim. Rep., 20; Hernandez v. State, 57 Tex. Crim. Rep., 15. We deem the evidence sufficient.

By bill of exception number one, appellant complains of the following remarks by the county attorney in his opening address to the jury: "When Mr. Hayden was questioning you on your voir dire most of you answered that you had had something stolen from you. Therefore, it is evident that stealing is prevalent in this county."

The objection urged thereto was that it was not supported by any evidence, that it was prejudicial, harmful and calculated to inflame the minds of the jury. The court qualified the bill and in his qualification states that he instructed the jury not to consider it. The bill as thus qualified, to our minds fails to reflect reversible error.

Bills of exceptions number two, three and four are without merit and we see no need in discussing them.

By bill of exception number five appellant complains of the following remarks made by the district attorney in his closing argument to the jury: "He (referring to appellant's attorney) said he (referring to appellant) is either innocent or insane. That's good argument, but there is nothing to it. He is not insane. I say he is one of the shrewdest fellows that ever went down the line. He has got one of the smoothest rackets there, and that's the State's theory of this case, that he has been working that, and he is relying on it—"

The objection made thereto was that there was no evidence to sustain the remark, that it was prejudicial, hurtful, etc. The court qualified the bill stating in his qualification that the argument complained of was in reply to the argument of appellant's counsel. A defendant is not entitled to complain of

improper argument of state's counsel which is occasioned and justified by the argument of his own counsel. See Morris v. State, 84 Tex. Crim. Rep., 100; 206 S. W., 87; Branch's Ann. P. C. Sec. 363, p. 205 and authorities cited.

Bill of exception number six reflects the following occurrence. While appellant's counsel was addressing the jury, he said: "Why don't the state bring Mrs. Arnold and the son-in-law here to testify that Roy Nix was out at the Arnold place that night—"

At this point the district attorney interrupted counsel for appellant with the remark: "The defendant could have brought them here, we will bring them here and tender them to the defendant, and let them tell all they know about it. They were all before the grand jury and the grand jury had all that evidence."

Upon objection being made thereto by appellant, the court promptly sustained the same and instructed the jury not to consider it. Appellant makes the contention, however, that the remarks were so highly prejudicial that the court could not effectively withdraw the same from the minds of the jury. It is quite clear to us from the bill that appellant's counsel invited the argument, at least the greater part of it, and he should not now be permitted to take advantage of an improper remark which was prompted by his own conduct. To hold otherwise would be tantamount to a license to defendant's counsel to taunt the district attorney until he made some remark, perhaps improper, and then take advantage thereof, with the hope of hanging thereon a ground for reversal in case of conviction. It occurs to us that in view of the minimum punishment assessed by the jury the arguments complained of were not prejudicial to such an extent as would require a reversal of this case.

Moreover, the major portion of the first part of this argument was not objectional and appellant has made a blanket objection to argument a portion of which was proper.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant first complains in his motion of an evident mistake in our original opinion wherein it was said that the pipe herein alleged to have been stolen was taken on the 9th day of June. This is evidently an error, caused by a statement of a witness who stated that such taking was on or about the 9th day of June. From testimony of other witnesses it is made clear that the pipe was taken from its accustomed place sometime during the night of June 8th. It also follows that the early morning of June 9th was the date that appellant brought this alleged stolen pipe into the Supply Company's office and sold the same to such company. As thus corrected, we can see no error in such portion of the original opinion.

The only further complaint found in this motion can be summarized as relating to the court's failure to properly charge on the appellant's defense to this charge. His contention, supported by his witnesses, was to the effect that on the night of June 8th he and a companion were on the Abilene-Albany highway, and about a mile or two east of Abilene met a dark complected man in a truck loaded with pipe, the said truck having a flat tire; that they assisted this stranger in fixing his tire, and eventually appellant purchased certain pipe from this stranger, which pipe later proved to be the stolen pipe.

The court in his charge told the jury that: "If you believe from the evidence that the defendant bought eight joints of ten inch pipe from a party on the Abilene-Albany Highway, a mile or two East of Abilene, on the evening of June 8th, 1937, or if you have a reasonable doubt thereof, you will acquit the defendant."

It occurs to us that the court was fairly liberal in this quoted portion of his charge in his instruction to the jury. However, we find an additional complaint as to the court's charge in that he failed to charge that if the appellant had acquired such stolen pipe after the same was stolen, even though he might have known same was stolen, nevertheless he was entitled to an acquittal under the charge in this cause. There will be no question but what such a contention is the law, the only difficulty arising herein being that the facts do not raise such a question. The appellant failed to take the stand; he offered no explanation of his possession of such property, save that of his witnesses who testified that he purchased the same from this stranger. Under these facts the careful trial court gave the above quoted instruction to the jury, giving him the

benefit of an acquittal if he bought any pipe from anybody at the time and place testified to by his witnesses. The trial court is not required nor expected to charge upon every possible defense that might be conceived relative to a criminal offense; the court should only charge upon the defenses presented by the evidence. In this case the testimony of appellant's witnesses show, if true, a bona fide purchase, and the court charged thereon. We do not think he was required to go further, in framing his charge to the jury, than to the defenses presented. Evidently the jury did not believe appellant's witnesses, and we are bound by its conclusion.

The motion will be overruled.