## LONNIE WILLIS v. THE STATE.

No. 22552. Delivered June 9, 1943.

The opinion states the case.

*Williford & Williford,* of Fairfield, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of cattle. The punishment assessed is confinement in the State penitentiary for a term of three years.

The only question presented for review is the sufficiency of the evidence to sustain the conviction. In order that this opinion may reflect the basis of our conclusion on the question, we deem it proper to briefly state the salient facts proven on the trial of the case. The State's evidence shows that on or about the 28th day of June, 1941, the Sheriff of Freestone County and one of his deputies met the appellant and Forrest Jones on U. S. Highway No. 84 in said county, at which time they (appellant and Jones) had a heifer in their pick-up truck. The sheriff and his deputy stopped them, made appellant get into the car with him while the deputy got into the pick-up truck with Jones, and they were taken to Fairfield. Later, the sheriff and appellant went back out the same road on which they had met appellant and Jones to a point where the old dirt road leads from the main highway into a timbered area towards Sally Lee's place, and there, at a certain spot in a myrtle thicket he saw where the animal had been tied for perhaps two days as the bushes were scarred, many cow tracks were visible and the ground was trampled up.

Hub Burleson testified that he was engaged in the cattle business; that on a Saturday afternoon in the latter part of June, he came along U. S. Highway No. 84; that he saw a negro who stopped him and asked him if he desired to buy a yearling. Burleson asked him where it was, to which he replied that it was up the road leading toward Sally Lee's place. Burleson told him that he did not have time to stop to see about it then but would see him the next day.

Joe Moss testified that he lived on Ellen Wilson's place; that he was in charge of and had the care and custody of her cattle. He identified the animal as one of those belonging to Ellen Wilson. He, as well as Ellen Wilson, testified that the animal was taken from the possession of Moss without the consent of either of them.

Forrest Jones testified that on or about the 28th day of June, 1941, he met the appellant in Fairfield about noon; that appel-

lant told him that he had a yearling that he wanted to sell; that he went with appellant east from Fairfield on U. S. Highway No. 84, about eight miles to where the old road leads south from the highway and thence down said old road to where appellant had the animal tied; that after looking at the animal he agreed to pay appellant $25.00 for it; that they loaded it into a pick-up truck and came back on Highway No. 84; that they were on their way back to Fairfield when they were arrested by the sheriff and his deputy; that as a result of the transaction he (Jones) had been indicted for receiving and concealing stolen property but the case had been dismissed.

Appellant did not testify but had a number of witnesses testify to facts which failed to shed any light on any issue in the case with the exception of the testimony of his wife. She testified that on Sunday prior to the following Saturday on which appellant was arrested, she heard Roosevelt Gorman say that he had found a yearling which he could sell for about $35.00 or $40.00 and that he was going to get it.

O. B. Utley testified that he heard of the appellant being arrested for selling a cow; that Walter Erskine told him and Alvin Wimberly that he overheard two negroes talking about stealing a yearling and that the yearling had to be moved; that one of the negroes mentioned was Roosevelt Gorman. The witness testified further that at or about the time of the alleged theft, he had three or four negroes working for him ,including Roosevelt Gorman; that he missed a lariat at or about the time of the alleged theft which he had not seen since but did not know who took it.

The court instructed the jury on the law of theft and circumstantial evidence, and in addition thereto, gave the following instructions:

"If you believe from the evidence, or have a reasonable doubt thereof, that the one head of cattle mentioned in the indictment had been taken on or about the time and place alleged in the indictment by T. J. Willis and Roosevelt Gorman, both or either of them, from the possession of Joe Moss and tied to a tree in the woods; and that after such taking, if any, the defendant helped load said one head of cattle on a truck of Forrest Jones and agreed to sell, or sold, the said one cattle to Forrest Jones, but the defendant did not participate in the original taking, if any, of such one cattle from the possession of Joe Moss, then you will find the defendant not guilty."

"Although you may find and believe from the evidence that the one cattle described in the indictment was taken from the possession of Joe Moss under circumstances constituting the theft thereof, yet if you have a reasonable doubt whether the defendant was present when said offense was committed, if one was committed, at the time of the commission thereof, you will find the defendant not guilty."

The court, at the request of appellant, in addition to the foregoing charge, instructed the jury that if they believed from the evidence, beyond a reasonable doubt, that Roosevelt Gorman and T. J. Willis, or either of them, stole the one cattle mentioned in the indictment, and that the defendant knew that it was stolen and agreed with T. J. Willis and Roosevelt Gorman, or either of them, to procure a buyer, knowing it to have been stolen, "yet you cannot convict the defendant, Lonnie Willis, unless you further find and believe from the evidence, beyond a reasonable doubt, that the said Lonnie Willis participated in the original taking of said one cattle or was guilty of taking said cattle, acting by himself, and if you have a reasonable doubt from the evidence as to whether or not Lonnie Willis stole said one cattle or participated in the original stealing thereof, you will find the defendant 'Not Guilty'."

It will be noted that the charge was very favorable to the appellant. However, since the evidence showed that the appellant was found in the possession of a recently stolen animal and which he sold without giving any explanation of his possession consistent with his innocence, the jury were authorized to conclude that he was guilty of the offense charged. It seems to be an established rule in this state that where a party in whose exclusive possession recently stolen property is found fails to reasonably account for his possession thereof when called upon to explain or when the facts are such as to require an explanation of him, the presumption of guilt arising from the recent possession will warrant a conviction without the necessity of further proof. In the instant case, the State proved all the essential elements from which an inference of guilt arises. Cases somewhat analogous to the one under consideration are Johnson v. State, 57 Tex. Cr. R. 603; Nix v. State, 136 Tex. Cr. R. 240, 124 S. W. (2d) 386; and Hanna v. State, 122 Tex. Cr. R. 122; 54 S. W. (2d) 91.

Believing the evidence to be sufficient to support the conviction, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.