## JUNIOR LEE WILLIAMS V. STATE

No. 27,875. October 12, 1955
State's Motion for Rehearing Denied
(Without Written Opinion) November 9, 1955

*Perry Davis, Donald S. Owen* and *John L. Camp,* Bay City, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is rape; the punishment, death.

This conviction must be reversed because of the failure of the trial court to grant appellant's motion for change of venue. Therefore the facts will not be recited.

The voir dire examination of the members of the jury selected to try this case reveals that at least five members thereof had read newspaper accounts of the appellant's connection with the crime for which he was tried. The nature of the news accounts must be specifically noted. Those who had read them learned the following facts which, since the appellant did not testify in his own behalf, were not admissible in the trial of this cause:

1. That the appellant was an unemployed ex-convict who had been out of the penitentiary only five months.

2. That the appellant, in addition to confessing to the instant crime, had also confessed that within two months prior to the commission of this crime he had raped a 47-year-old Bay City grandmother and had robbed her of $140.00.

3. That the appellant had been indicted for these two other offenses.

4. That after the appellant's arrest he had been spirited out of town by the officers who had him in charge because a crowd in which there was at least one armed man, had gathered at the jail and that the sheriff had stated that "it looked bad for a while."

5. That sentiment was running high in Bay City and the sheriff had requested the newspapers not to publish a picture of the appellant.

6. That the appellant had been denied bail and was being held in some unidentified jail outside the county.

7. That many prowlings and peepings had been reported in the area where the two rapes had occurred.

8. That the press considered the case against the appellant to be one of the most vicious in recent Texas history.

After the appellant had exhausted his last challenge, he was required to accept a juror who also had read these news accounts, knew that the officers had linked the appellant with the

other rape and "did not think" that he had an opinion as to the appellant's guilt and "did not believe" that his knowledge that the appellant was charged with the other rape would cause him to inflict a greater punishment.

As stated, none of these facts contained in the newspaper accounts were admissible in the appellant's trial, and yet at least five members of the jury had read such accounts prior to going into the jury box to try the appellant.

However guilty this accused may be, he is entitled to a trial by a jury who enter the jury box with an open mind.

Upon a re-trial of this case in another county, it is suggested that appellant's requested charge on temporary insanity be given.

We have carefully examined appellant's motion to quash the indictment and fail to find any merit therein.

The judgment is reversed and the cause remanded.