## FANNIE KUYKENDALL V. STATE

No. 27,837. November 23, 1955

*James L. Lattimore,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault; the punishment, 90 days in jail.

The difficulty involved in this prosecution seems to have arisen over the affections of one Marcellus.

The injured party testified that she was married and had not been intimate with Marcellus.

The appellant and Marcellus testified that she had.

Be this as it may, the testimony of the injured party and another state's witness shows an unprovoked assault with a knife upon an unarmed person which resulted in numerous lacerations.

The appellant and her witness testified that the injured party attacked her first and that she retaliated and inflicted the injuries sustained.

The jury resolved the disputed issues of self-defense against the appellant, and the evidence amply supports their verdict.

Bill of Exception No. 1 relates to the court's charge relative to presumption of intent to injure which arises from the use of violence resulting in an injury. The bill recites that the charge changes the burden of proof. The charge was in the terms of the statute and is identical with the charge which was approved by this court in Yates v. State, 68 Texas Cr. R. 437, 152 S.W. 1064.

Bill of Exception No. 2 relates to alleged jury misconduct which from its nature must necessarily have occurred within the jury room. The motion for new trial was supported by the affidavit of the appellant only. This was not sufficient as a pleading. Prince v. State, 158 Texas Cr. R. 320, 254 S.W. 2d 1006, and Moore v. State, 160 Texas Cr. R. 642, 275 S.W. 2d 673.

We observe, however, that the note sent to the judge which forms the basis of the bill, when viewed in the light of the record in this case, shows that the jury was carefully considering only the evidence that was before them, which it was their duty to do.

Finding no reversible error, the judgment of the trial court is affirmed.