NORMAN KIZZEE V. STATE.

No. 29,740. April 30, 1958.

*Mac L. Bennett, Jr.*, Normangee, for appellant.

*Bryan Russ,* County Attorney, Hearne, *Parten & Parten,* Special Prosecutors, Franklin, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, death.

Deceased's body was discovered on his kitchen floor on Saturday morning. His head had been beaten with a metallic object, which injuries caused his death. That night, the appellant sold a watch to the witness Littlefield which was identified as belonging to the deceased. Early Sunday morning, the appellant was arrested and told the sheriff where the hammer which he had used to kill the deceased might be found and where he had hidden the fob from deceased's watch. The sheriff recovered both items, and the appellant later made a confession in writing in which he related how he had gone to deceased's home for the purpose of collecting $2.00 and how he had killed the deceased by striking him on the head with a hammer because the deceased told him he didn't have "no damn $2.00."

The sole defense was that of insanity, and this was made out by appellant's mother and father, who testified that they did not think that the appellant had ever had good sense, and a school teacher, who testified that while in school the appellant didn't act normal and "was a little strange at times and moody and seemed to like to be by himself at times."

The state called eight witnesses, among them being his former employers, who testified that in their opinion the appellant was sane.

The jury resolved the conflict in the evidence against the appellant, and we find it sufficient to support its verdict.

We shall discuss the contentions advanced by appellant's eminent court-appointed counsel in brief and argument.

Bill of Exception No. 2 recites that on September 23 an affidavit of insanity was presented to the trial court requesting a preliminary trial on the issue of insanity and that such request was denied, and the appellant was then placed on trial. Appellant would have us hold that reversible error is reflected by the bill because the trial court failed to qualify the same, whereas the record before us reflects that a preliminary hearing on appellant's sanity was had on the same affidavit in the same court on September 10, just 13 days before the main trial, which resulted in a finding by a jury that the appellant was sane. We are familiar with the prior holdings of this court to the effect that, where there is a conflict between the bills of exception and the statement of facts, the bills must prevail; but we are aware of no conflict in the case before us here. In Wheeler v. State, 212 S.W. 2d 169, this court was presented this same contention and held that, where the bill failed to set forth the full facts, the record was available to this court so that the court might ascertain them. When the appellant was accorded a preliminary trial on the question of his sanity on September 10, the trial court was not required to grant him another on September 23. The issue of his sanity was again submitted to the jury on the trial on the merits which commenced on that day.

Bills of Exception Nos. 3 and 4 relate to the failure of the court to grant appellant's motion for change of venue.

On the merits, we observe that the voir dire examination of the veniremen has not been brought forward to this court, and there is a complete absence of any showing that any prejudice against the appellant, if any existed, found its way into the jury box at his trial. McCarley v. State, 161 Texas Cr. Rep. 263, 276 S.W. 2d 300, and cases there cited. In McCarley, we said:

"Irrespective of the amount of news coverage the crime may receive, unless such a showing is made, this Court and the Supreme Court of the United States are reluctant to reverse a conviction upon a failure to change venue."

See also Williams v. State, 162 Texas Cr. Rep. 202, 283 S.W. 2d 239.

Prior to announcement and in connection with the motion, the appellant called 36 veniremen as witnesses, and the court

refused to permit them to be interrogated. In connection with this complaint, attention is directed to the fact that they were in attendance upon the court by reason of having been summoned on the venire and not in response to a subpoena by the appellant.

In Reis v. State, 130 Texas Cr. Rep. 541, 95 S.W. 2d 700, this court had before it an identical situation, and there held that the practice of calling veniremen as witnesses on such a motion, and thereby seeking to disqualify them from jury service, would ordinarily be against "orderly procedure and sound judicial policy." See also 44 Texas Juris., Sec. 47, page 993. We are at a loss to determine the applicability of the recent case of Nixon v. State, 165 Texas Cr. Rep. 602, 309 S.W. 2d 454, relied upon by the appellant.

Bill of Exception No. 5 as qualified, reflects that on May 27 the court tentatively appointed Honorable Ben L. Parten and Honorable Frank A. Woods to represent the appellant, that both gentlemen presented themselves at the judge's chamber and asked to be excused and gave, among other reasons, the fact that they had been appointed in the last murder case in said county (Wenck v. State, 156 Texas Cr. Rep. 50, 238 S.W. 2d 793), that the court excused them and later in the same day appointed Honorable Mac L. Bennett, who did represent the appellant, and that some time after being so excused Mr. Parten accepted employment as a special prosecutor and did participate in the prosecution of this case.

It is conceded that Mr. Parten never talked to the accused or any witnesses during the time he was tentatively appointed to defend him. We overrule appellant's contention that Mr. Parten was, under the facts as stated, disqualified to participate in the trial of this case.

Bill of Exception No. 6 relates to the failure of the trial court to permit the jurors who served on this case to be interrogated at the hearing on the motion for new trial which alleged jury misconduct. The motion was not accompanied by an affidavit of any juror, nor was there a showing under oath from anyone as to why such affidavit was not attached, and no showing of reasonable grounds for believing that such misconduct actually occurred, as is required by the holding in Prince v. State, 158 Texas Cr. Rep. 320, 254 S.W. 2d 1006. See also Buris v. State, 161 Texas Cr. Rep. 210, 276 S.W. 2d 260, and Kuykendall v. State, 162 Texas Cr. Rep. 233, 284 S.W. 2d 154. We do observe, how-

ever, that the motion for new trial alleged that after the jury retired to deliberate they asked to have the appellant's confession re-read to them and that the court delivered the same to them and that they carried it into the jury room where they re-read and discussed it. This was not the receipt of new evidence by the jury because the confession had been introduced in evidence and read to the jury during the development of the case.

Able counsel appointed to represent this accused is to be commended for his efforts in his behalf.

Finding no reversible error, the judgment of the trial court is affirmed.