PHILLIP SLATER V. STATE.

No. 29,756. June 25, 1958.
Appellant's Motion for Rehearing Overruled
October 29, 1958.

*Darden & Fowler (George B. Darden* and *Gerald J. Creighton, Jr.,* of Counsel), Conroe, for appellant.

*J. W. Simpson, Jr.,* District Attorney, Conroe, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, death.

Upon arraignment the appellant plead not guilty. At the conclusion of the state's case appellant changed his plea to guilty. Appellant did not testify or offer any evidence in his behalf save one sentence from his confession which has not been offered by the state. The state's case will be summarized.

The deceased, an elderly woman, lived alone in the city of

Conroe. Sometime during the morning of December 2 her body was found at the rear of her home. Her death had been caused by a skull fracture. Her body was lying on its back with her legs spread out, and male sperm was found in her vagina. Early the next morning the appellant's home was searched; bloody clothing and underwear were found, and appellant took officers to a spot in the woods near deceased's home, where he retrieved and delivered to them a hammer and two sides of a pair of tin snips on which blood and hair were found. The hair was shown to be of the same type as that taken from the body of the deceased at the funeral home. Appellant was then carried before a magistrate, charged with murder, and then carried before the district attorney where a full confession was made. It recited how the appellant had burglarized deceased's home in a search for money and had killed the deceased when she apprehended him by beating her with a hammer and a pair of tin snips and had then drug her body out in the back of her house. The state introduced the entire confession save the sentence which was introduced by the appellant and which read as follows: "I didn't do anything to her after I took her out there."

We find the evidence sufficient to support the plea of guilty and shall discuss the contentions advanced by earnest counsel in brief and argument.

Appellant first contends that the court erred in failing to change the venue. A separate statement of facts on the hearing is before us and reflects the testimony of ten witnesses called by the appellant and twelve witnesses called by the state. Suffice it to say that some testified that in their opinion the appellant could not receive a fair trial in Montgomery County, while a great majority of them testified that in their opinion he could.

We have not been furnished with the voir dire examination of the venire panel, and we only know that at the time the jury was selected 27 names on a venire of 125 had not been reached and that the appellant had exercised only eleven of his peremptory challenges. There is no showing as to how many veniremen were excused because of a fixed opinion. There is a complete absence of any showing that prejudice against the appellant found its way into the jury box at his trial. This court has held that such is requisite and the fairest test of whether venue should be changed. Jones v. State, 156 Texas Cr. Rep. 248, 240 S.W. 2d 771; Jones v. State, 156 Texas Cr. Rep. 475, 243 S.W. 2d 848; Johnson v. State, 156 Texas Cr. Rep. 534, 244 S.W. 2d 235; Goleman v. State, 157 Texas Cr. Rep. 534, 247

S.W. 2d 125; Lopez v. State, 158 Texas Cr. Rep. 16, 252 S.W. 2d 701; Aaron v. State, 161 Texas Cr. Rep. 156, 275 S.W. 2d 693; McCarley v. State, 161 Texas Cr. Rep. 263, 276 S.W. 2d 300; Williams v. State, 162 Texas Cr. Rep. 202, 283 S.W. 2d 239; Kizzee v. State, (page 191 of this volume), 312 S.W. 2d 661; and Stroble v. Calif., 343 U.S. 181, 72 Sup. Ct. 599, 96 L. ed. 872.

Appellant relies, among other cases, on Rogers v. State, 155 Texas Cr. Rep. 423, 236 S.W. 2d 141. In Rogers we had these factors not present in the case at bar:

1. A showing that 44 out of a venire of 105 were excused because of fixed opinions.

2. A showing that each of the veniremen examined had read or heard about the case.

We reversed Rogers because it was tried in a sparsely settled county and because of "the expressed opinion of the veniremen as shown by voir dire examination," neither of which grounds is shown to apply in the case before us.

We have concluded that the trial court did not err in failing to change the venue.

Appellant next contends that the trial court erred in refusing to invoke the rule as to the sheriff and the district clerk at the hearing on the motion for change of venue and relies upon Wilson v. State, 158 Texas Cr. Rep. 334, 255 S.W. 2d 520. At the outset, we observe that in Wilson the court failed to invoke the rule during the *trial itself*, and further call attention to the fact that the trial court certified in the bill of exception that the witness' presence in the courtroom was "not necessary to the transaction of the court's business." In the later cases of Perry v. State, 160 Texas Cr. Rep. 8, 266 S.W. 2d 171, and Cotner v. State, 160 Texas Cr. Rep. 211, 268 S.W. 2d 142, we pointed out that Wilson was reversed primarily on the court's certificate, and we find no such certificate in the bill before us here and do not find reversible error reflected by this bill.

Appellant's third contention relates to a comment upon the failure of the appellant to testify. The entire argument of both counsel for the state and the appellant is before us and may be considered. Owens v. State, 164 Texas Cr. Rep. 613, 301 S.W. 2d 653. From that and from the bill, we find that appellant's

counsel told the jury, "We told this boy that he was guilty, he agreed that he was guilty and you so heard him say that * * *. We haven't brought you any evidence, gentlemen of the jury. There was not one human being or one soul that we could get anywhere to bring before you that would be of assistance or benefit to this defendant."

We have concluded that the trial court was correct in his qualification of the bill in which he says that the argument complained of was invited by that of appellant's counsel.

It has been the consistent holding of this court that the qualification by the trial court to a bill of exception to the effect that argument was invited or in reply to argument of appellant's counsel which was not excepted to by appellant precludes a reversal. Nix v. State, 136 Texas Cr. Rep. 240, 124 S.W. 2d 386; Rains v. State, 140 Texas Cr. Rep. 548, 146 S.W. 2d 176; Hill v. State, 144 Texas Cr. Rep. 415, 157 S.W. 2d 369; Yoes v. State, 158 Texas Cr. Rep. 201, 254 S.W. 2d 141; McGowan v. State, 159 Texas Cr. Rep. 10, 259 S.W. 2d 218; and McKelvey v. State, 159 Texas Cr. Rep. 376, 263 S.W. 2d 774.

In an exhaustive opinion on rehearing in Meador v. State, 113 Texas Cr. Rep. 357, 23 S.W. 2d 382, Judge Hawkins pointed out that, where the attorney for an accused first brings the matter of the defendant's failure to testify to the attention of the jury, then he cannot complain if the state, in reply, remarks upon his suggestion.

Appellant's last contention is that reversible error is reflected by the argument of the prosecutor in which he referred to the evidence of the criminal sexual assault upon the deceased. His contention that such argument was improper cannot be sustained. In Washington v. State, 162 Texas Cr. Rep. 479, 286 S.W. 2d 629, we held admissible evidence of sexual advances made toward a witness in a murder case in which the accused was charged with killing the witness' companion.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

We have again examined the record in the light of appel-

lant's motion for rehearing and remain convinced that no error is shown in the trial court's refusal to change the venue. We have also considered the entire argument of counsel which is before us and remain of the opinion that the argument of state's counsel of which appellant complains was invited by that of counsel for appellant as is certified by the court in his qualification to Bill of Exception No. 6.

The motion for rehearing is overruled.

Opinion approved by the Court.