**Edward Otho HAGANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 34125.

Court of Criminal Appeals of Texas.

Oct. 24, 1962.

Rehearing Denied Jan. 2, 1963.

Second Rehearing Denied Feb. 20, 1963.

Third Rehearing Denied March 27, 1963.

Marion G. Holt, Jack Pierce, Nacogdoches, for appellant.

Hulon B. Brown, Dist. Atty., Jacksonville, Edmund F. Benchoff, County Atty., Nacogdoches, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellant, Edward Otho Hagans, and Elsie Marie Hagans, alias Elsie Marie Milner, were jointly indicted and tried for the murder of Zoura F. Hagans. Upon conviction, the death penalty was assessed against the appellant (life imprisonment was assessed against his companion) and he alone appeals.

■ The evidence introduced by the state reveals that the appellant is guilty of the violent, cruel and brutal murder of Zoura F. Hagans by beating her with some unknown instrument and by shooting her with a pistol. The voluntary written statements made and signed by the appellant and his companion were introduced in evidence by the state without objection and they show a killing without justification; and said statements were sufficiently corroborated.

Appellant did not testify but called numerous witnesses including three medical doctors, one of whom was a psychiatrist, and by their testimony he sought to support his plea of insanity at the time of the commission of the offense and at the time of trial.

■ The jury resolved the issues of insanity against the appellant and the evidence is sufficient to support their verdict.

■ Appellant contends that the trial court erred in overruling his motion for a change of venue which alleged that there existed in Nacogdoches County so great a prejudice against him that he could not obtain a fair and impartial trial. The motion was supported by the affidavits of an owner of a local radio station and two local attorneys.

Upon the hearing of the motion two of the three affiants, the publisher of the local daily and weekly newspapers, another local attorney and the other radio station owner testified that extensive coverage and publicity had been given the crime, the return and subsequent confessions of the appellant and his companion.

Two local attorneys testified that the case had received more publicity in the county than any other one, that the facts of the case had been discussed in every section of the county, that in their opinion public sentiment and prejudice was against appellant, and the case had been already prejudiced by the people against him, and that he could not get a fair and impartial trial in Nacogdoches County. The owner of one of the local radio stations testified that in his opinion the case had been widely publicized and pretty well discussed, that public sentiment was against "them", and the majority of the persons he had heard discuss the crime were "adverse toward the defendants" and "a lot of people say they are guilty" but "If you can qualify them (jurors) I think they would give a fair trial."

The owner of the other radio station gave substantially the same testimony as that of his competitor. The publisher testified that the case had been widely discussed, and those who had not heard about it would be in the minority, but that he had no definite opinion on whether appellant could get a fair and impartial trial.

The state called four persons as witnesses, the appraiser and collector of a bank, the owner and operator of a cafe, a service station operator and the county surveyor, and each expressed the opinion that appellant could get a fair and impartial trial in Nacogdoches County.

At the conclusion of the voir dire examination of sixty-eight veniremen eight jurors had been selected. Then appellant again submitted his original motion for a change of venue. In support thereof he called Jack Pierce, the attorney for appellant's companion. He testified that of the eight jurors chosen four stated that they had some sort of opinion as to the guilt or innocence of the defendants; that the judge questioned each of the four above referred to by Pierce and they stated that they could lay aside any opinion that they might have and try the case strictly upon the evidence in accordance with the law in the court's charge; and that they had no bias or prejudice against the defendants.

It is evident that the trial judge was in a position to appraise and determine the examination of all the jurors that Pierce testified about on renewal of the motion. *No statement of facts showing the voir dire examination of the venire accompanies the record.* The defendants had exhausted eleven peremptory challenges when the eighth juror was chosen. The record does not reveal whether all of the defendants' peremptory challenges had been exercised when the jury was completed, nor does it reveal that any objectionable juror served.

The record before this Court shows no abuse of discretion by the trial court in refusing to grant appellant's motion for a change of venue. McCarley v. State, 161 Tex.Cr.R. 263, 276 S.W.2d 300; Tyler v. State, 163 Tex.Cr.R. 441, 293 S.W.2d 775; Kizzee v. State, 166 Tex.Cr.R. 191, 312 S.W.2d 661; Slater v. State, 166 Tex.Cr.R. 606, 317 S.W.2d 203; Phillips v. State, 168 Tex.Cr.R. 463, 328 S.W.2d 873.

■ By several formal bills of exception filed with the clerk of the trial court the appellant urged that reversible error had been committed. These bills were refused and returned by the trial court for the reasons noted thereon within the time

allowed by statute. No further action pertaining to said bills is shown by the record. Therefore, they cannot be considered. Beale v. State, 171 Tex.Cr.R. 319, 350 S.W. 2d 207; Campos v. State, Tex.Cr.App., 356 S.W.2d 317. However, these bills have been examined and it is concluded that they do not present error.

■ The complaints of the court's action in overruling the objections to the charge cannot be considered because no exception was reserved thereto. Eldredge v. State, 162 Tex.Cr.R. 282, 284 S.W.2d 734; Redman v. State, 162 Tex.Cr.R. 524, 287 S.W. 2d 676; Smith v. State, 166 Tex.Cr.R. 294, 313 S.W.2d 291; Stone v. State, 171 Tex. Cr.R. 201, 346 S.W.2d 323; Medlock v. State, Tex.Cr.App., 356 S.W.2d 312.

The other contentions presented have been considered and do not show error.

The judgment is affirmed.

Opinion approved by the Court.

On Appellant's Motion for Rehearing.

WOODLEY, Presiding Justice.

■ Appellant re-urges (his contention) that the failure of the court to change the venue should result in reversal. We are unable to agree with his contention that the trial court had no discretion in the matter under the evidence, or that the court's action in overruling his motion for change of venue is shown by the record herein to constitute a denial of appellant's rights under the Due Process clause of the Constitution of the United States. (14th Amendment)

In this regard it should be noted that appellant's defense was insanity, and no prejudgment on such issue among the citizenry of the county was shown. Also there was testimony that a fair and impartial jury could be secured in the county and from the record before us, we are in no position to say this was not accomplished.

■ By brief and oral argument counsel for appellant contends that appellant's wife was used as a witness against him in violation of Art. 714 Vernon's Ann.C.C.P., in that her confession was introduced in evidence.

Appellant correctly contends that under said statute and our decisions the defendant could not waive the disqualification of his wife to testify against him as a witness for the state.

The rule has no application here because the state did not call appellant's wife as a witness.

Assuming that appellant's co-indictee, Elsie Marie Hagans, was appellant's wife, she was a co-defendant jointly tried and her confession was admissible against her, and was admitted without objection.

The court in his charge instructed the jury "* * * you shall not consider the written statement, if any you find, of the defendant Elsie Marie Hagans, alias Elsie Marie Milner, against the defendant Edward Otho Hagans * * *."

We remain convinced that the appeal was properly disposed of on original submission.

Appellant's motion for rehearing is overruled.

## ON APPELLANT'S SECOND MOTION FOR REHEARING

McDONALD, Judge.

■ When it is shown that an accused has been tried by a jury who did not enter the jury box with open minds, we do not hesitate to reverse. Williams v. State, 162 Tex.Cr.R. 202, 283 S.W.2d 239.

The Supreme Court of the United States applied this same test in its holdings in Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751, and in Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98.

The record before us, however, does not reveal that appellant was tried by a jury who did not enter the jury box with open minds.

Remaining convinced that this case was correctly disposed of in our original opinion and in the opinion on appellant's first motion for rehearing, appellant's second motion for rehearing is overruled.