Antonio Parra PINEDA, Appellant,

v.

The STATE of Texas, Appellee.

No. 35783.

Court of Criminal Appeals of Texas.

May 8, 1963.

No attorney on appeal, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder; the punishment, forty-three years.

Elodia Ontiveras testified that while in her home she heard voices and looked across the street where she saw five men beating a man who was lying on the ground; that she ran screaming to the men to quit hitting the man on the ground; that she got "very close" and saw the appellant hitting him with a car jack but she did not know what the others were using. When they continued beating the man she ran to a nearby residence to notify the police. Upon returning she saw the five men leaving in a car; that the man on the ground was unrecognizable because he was covered with blood; and she found a chair leg on the ground. She gave to the police a description of the car in which the five men left.

Ricardo Galaviz testified that he, the deceased and others were together when the deceased suddenly ran as five men approached. They pursued the deceased who soon fell and the men jumped on him and began beating him; that he saw the appellant hitting the deceased with a bumper jack and saw one of the other five men with a knife.

The license number of the car in which the five men left was noted by Carmen Avina and given to the police.

The officers, on arrival at the scene, found Francisco Puente lying on the ground critically wounded. They obtained a description of the car and of one of the five men who left in it, and put out a radio spot broadcast.

Officers O'Leal and Craig testified that they stopped a car of the description given on the spot broadcast and one of the five men in it also fit the description of the man given on the broadcast. There was blood on appellant's shirt sleeve and the blood on his trousers was not dry. The bodies of the five men had scratches and cuts and their clothes were bloody. The officers found three knives and a car jack in the car and two of the knives still had fresh blood on them.

The evidence shows that the deceased suffered multiple stab wounds, that there were four deep stab wounds of a total of about twenty, and that his death was caused by multiple stab wounds in the body.

The written statement of the appellant was introduced in evidence and in part it reads as follows:

"* * * We had all been drinking tequila at my house; we all went out looking for Francisco Puente. When we left the house, I found a piece of a chair in the alley, and I picked it up. Juan Jimenez had a silver kitchen knife that had been sharpened in his pocket. It had black tape on the handle. There was a yellow-handled letter opener in the glove compartment. We were all out to get Puente and hurt him. We drove around and found him * * *. We started fighting and I was hitting Puenta with a piece of chair leg on the head and all over. Juan Jimenez had a kitchen knife and was after him with it. I didn't actually see him cut him with the knife, but it had blood on it when we got done. I don't know which of the other guys had the letter opener and the broken knife, but they were all using them in the fight with Jimenez and me. I was too busy hitting Puente with the piece of chair to see for sure who was stabbing him. Puente fell down and was bleeding and we all jumped back into the car and left. We drove out Paisano Drive where the police stopped us. All of us that I mentioned were in the fight and we beat and cut on Puente. I don't know how bad he was hurt and I don't care. This is all the truth. * * *"

The appellant did not testify but offered a letter of the County Psychiatrist which stated that he had examined Alfonso Perez and he expressed the opinion that Perez

could not differentiate between right and wrong and should be confined in a state hospital.

The evidence shows that Perez was a co-defendant and had been granted a severance when his case was called for trial. The testimony further shows that the deceased had given Perez a beating shortly before the offense here charged occurred.

There were no objections to the charge of the court or any requested charges.

No formal bills of exception appear in the record. The informal bills in the statement of facts of the evidence on the main trial have been considered and they do not show error. No brief has been filed in behalf of the appellant.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.