### Ex parte Antonio Parra PINEDA.

### No. 36338.

Court of Criminal Appeals of Texas.

Nov. 27, 1963.

Rehearing Denied Jan. 15, 1964.

Joseph A. Calamia, Edward S. Marquez, El Paso, for appellant.

Edwin F. Berliner, Dist. Atty., Jack N. Ferguson, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

By writ of habeas corpus the relator challenges the sentence he is serving which was pronounced against him in the 34th District Court of El Paso County and affirmed by this Court in Pineda v. State, Tex.Cr.App., 367 S.W.2d 862.

On July 10, 1963, the judge of the 34th District Court of El Paso County issued the writ, developed the facts at a hearing on July 15–16, and has certified the same to this Court in accordance with the provisions of Art. 119 V.A.C.C.P.

The grounds for relief are that the relator was denied the effective assistance of counsel in violation of due process of law in that he was an indigent person, unable to employ counsel, and that Woodrow Bean, the attorney representing him, had such unfavorable publicity caused by his failure to file income tax returns for which he was convicted in June 1962 and a petition filed in the 34th District Court in September, 1962, seeking his disbarment, that such prejudiced his rights with the jury which

resulted in his conviction and an extremely severe penalty; and that said attorney failed to adequately protect his rights during the trial including the failure to present a defense of insanity and further, that he failed to represent him on appeal.

On July 12, 1962, the appellant was indicted for murder with malice allegedly committed May 13, 1962; and he has been in jail since May 13. The trial on the merits was had on October 8–9, 1962, resulting in a jury verdict of guilty with the punishment assessed at forty-three years

Sentence was pronounced on December 20, 1962. Notice of appeal was given on the same date.

Following the filing of appellant's affidavit of inability to pay costs on appeal, the record was duly and timely perfected including the filing of the statement of facts on the main trial. No brief was filed or oral argument made in this Court on appeal.

Thereafter, the case was affirmed on May 8, 1963. The relator was allowed fifteen days within which to file a motion for rehearing after May 8.

At this point, the record reveals that Joseph A. Calamia, an attorney of the El Paso Bar, by letter dated May 21, 1963, addressed to the Clerk of this Court, advised that on May 20, 1963, Honorable R. E. Thomason, U. S. District Judge, and Judge Ward of the 34th District Court of El Paso County, had appointed him and Edward S. Marquez to represent the appellant Pineda. In said letter Calamia requested that a 15 day extension of time be granted for the filing of a motion for rehearing. The Clerk, by letter dated May 22, notified Calamia that the Court had instructed him not to issue the mandate in said cause for 15 days; and further advised him that he was not filing the letter as a motion for rehearing.

Although the fifteen days allowed for filing a motion for rehearing had not expired when Calamia and Marquez were appointed, they did not at any time file such a motion in behalf of relator. Further, the fifteen day extension of time was granted as Calamia requested.

Instead of filing a motion for rehearing, the relator sought relief by preparing a petition for a writ of habeas corpus alleging the grounds above set forth, which was sworn to and presented to Judge Ward as soon as the mandate of this Court issued.

On the hearing of the writ, relator testified that he was thirty-one years of age, and had an eighth grade education; that he had been in jail since May 13, 1962, and had no money to employ counsel at any time; that about thirty days before his trial on October 8, Woodrow Bean conferred with him about five minutes and told him he had been selected by the court to defend him, and that he next saw Bean for about five minutes three or four days before his trial. He further testified that he never requested the court to appoint another attorney and never made any objection to Bean representing him. Relator admitted that he had been convicted in Federal Court for transporting a stolen automobile in interstate commerce and his punishment was assessed at three years.

An assistant district attorney testified that about one month after relator was indicted, Woodrow Bean told him by telephone that he was available to represent any indigent defendants, and that he understood that Bean had been court appointed in this case. In this connection the trial judge from the bench stated, "The court will certify that he was told by Mr. Bean that he was representing the defendant."

It was stipulated that Woodrow Bean was a duly licensed and practicing attorney at the time of the jury trial; and had tried as many as eight criminal cases. The evidence reveals that he had been a member of the State Legislature and also had served as County Judge.

To show prejudice by the jury against Bean, the relator relies on evidence revealing an extensive coverage by the local news media of Bean's failure to file income tax

returns and his indictment and conviction therefor and the petition filed seeking his disbarment from practicing law.

The state called the foreman of the trial jury who testified that to the best of his knowledge there was no discussion of Bean's personal affairs during the deliberations of the jury.

There is an entire absence of any showing that the adverse publicity concerning Mr. Bean found its way into the jury box at appellant's trial. Walker v. State, 124 Tex.Cr.R. 112, 60 S.W.2d 455; Outlaw v. State, 125 Tex.Cr.R. 636, 69 S.W.2d 120; Jones v. State, 156 Tex.Cr.R. 248, 240 S.W.2d 771; McCarley v. State, 161 Tex.Cr.R. 263, 276 S.W.2d 300; Williams v. State, 162 Tex.Cr.R. 202, 283 S.W.2d 239.

The complaint of Bean's failure to protect the rights of the relator must be reviewed in the light of the evidence. A witness at relator's trial on the merits testified that she saw the relator beating the deceased with a car jack while he was lying on the ground, which the relator admitted in his confession introduced in evidence by the state; and he further stated therein, "I don't know how bad he was hurt and I don't care."

None of the defensive issues now urged by relator were raised by the evidence at his trial. His appeal was considered and there is nothing in the record before us to show that had brief or motion for rehearing been filed and the bills of exception perfected a different result would have been reached in disposing of the appeal.

There is no showing of anything injurious to the rights of the appellant after Bean gave notice of appeal and prior to the appointment of present counsel.

From a consideration of the services rendered by Woodrow Bean in behalf of the relator on the main trial, the perfecting of the record on appeal, and the appointment of Attorneys Calamia and Marquez within time to file a motion for rehearing supported by brief or oral argument or both, it is

concluded that the relator has not been deprived of his right to counsel.

The evidence is insufficient to show that the judgment is void.

The relief prayed for is denied.

Opinion approved by the Court.