# CASES

### ARGUED AND DETERMINED

#### IN

# THE SUPREME COURT

###### OF

## THE STATE OF MISSOURI,

##### MARCH TERM, 1858, AT ST. LOUIS.

[CONTINUED FROM VOL. XXVI.]

———•••———

THE STATE, Respondent, v. DALTON, Appellant.

1. J. D. and M. G. were jointly indicted for a felonious assault upon one C. H. The indictment charged that they in and upon one C. H. "feloniously and wilfully did make an assault, with a certain knife of the length, &c., which they the said J. D. and M. G. then and there in their right hand had and held, with the intent then and there him, the said C. H., with the knife aforesaid, wilfully and feloniously to kill, against," &c. *Held*, that the indictment was sufficient to sustain a conviction thereon.
2. Evidence of character, to be admissible, must be restricted to that trait of character in issue.

#### *Appeal from St. Louis Criminal Court.*

John Dalton and Michael Gaughy were jointly indicted for a felonious assault, with intent to kill, upon one Charles Haufmeister. The second count of the indictment is as follows : " And the grand jurors aforesaid, upon their oaths aforesaid, do further present that John Dalton and Michael Gaughy, late of St. Louis, in St. Louis county, on the thirtieth day of

2—VOL. XXVII.

September, in the year of our Lord one thousand eight hundred and fifty-seven, at St. Louis county aforesaid, with force and arms, in and upon one Charles Haufmeister, in the peace of the state then and there being, feloniously and wilfully did make an assault, with a certain knife of the length of six inches, and of the breadth of two inches, which they, the said John Dalton and Michael Gaughy, then and there in their right hand had and held, with the intent then and there him, the said Charles Haufmeister, with the knife aforesaid, wilfully and feloniously to kill, against the peace and dignity of the state."

The jury found the defendant Dalton guilty as charged in the above writ.

*Shreve*, for appellant.

*Mauro*, (circuit attorney,) for the State.

I. The indictment is good. (Whart. C. L. 117 ; State v. Fley, 2 Brev. 338 ; State v. Green, 4 Strob, 128 ; Davis' Precedents, 151 ; Commonwealth v. Gallagher, 6 Metc. 565 ; R. C. 1855, p. 567.) If defective it is certainly cured by the statute of jeofails. (R. C. 1855, p. 1177.)

RICHARDSON, Judge, delivered the opinion of the court.

There is no practical distinction in crime between principals in the first and second degree; for if two persons are charged as principals—one as the immediate perpetrator of the injury, and the other as aiding and abetting—it is immaterial which of them is charged as having inflicted the wound or struck the blow, inasmuch as the law imputes the injury given by one as the act of the other. (Whart. Crim. Law, 117.) So that an indictment that A. gave the blow and B. was present and abetting, is sustained by evidence that B. gave the blow and A. was present and abetting. (1 East P. C. 350 ; 1 Salk. Rep. 335.) But the observation that no distinction is made in this respect in indictments gives no countenance to the practice of charging, against propriety

and the truth, that both held the same knife, club or pistol in the right hand; and the cases referred to in the note of Wharton do not sanction such a precedent. The indictment in Green's case, 4 Strob. 128, was like the indictment in State v. Fley, 2 Brev. 338, which charged that Jenkins and Fley, with malice aforethought, &c., made an assault on David Minton; that Jenkins with a gun shot Minton, so that he died, &c.; that Fley was then and there present maliciously aiding, &c., the murder aforesaid to commit; and so the jurors say that the said Fley did feloniously, &c., kill and murder said Minton, &c.; and the court remarked in delivering the opinion that, though it is necessary to state in the indictment the manner of doing the injury, yet if several are present aiding in the perpetration of the act, it is not material whether it is correctly stated which of them did it. See also the precedents in 3 Chit. Crim. Law, 754-5-6.

The averment, however, of the manner in which the instrument is held by which the injury is inflicted is not material; and if it was so according to the common law rules of criminal pleading it is cured by the sweeping provision of our statute, which declares that " no indictment shall be deemed invalid on account of any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits. (2 R. C. 1855, p. 1171, sec. 27.)

The indictment is legally sufficient to sustain a conviction, but a part of it is absurd, and such precedents ought not to be used. The dignity of judicial proceedings requires that the forms employed in the administration of justice should not be incongruous or untruthful on their face, and the literature of the public records should be spared the reproach of unnatural statements when averments according to the facts will answer the purpose as well.

For the purpose of discrediting the prosecuting witness the defendant, after proving that one Prickett was not present at the time of the difficulty, offered to prove that Prickett had been convicted before the recorder and sent to the work-

house on the testimony of Haufmeister. The evidence was properly excluded, for it is not competent to prove a conviction in that way, nor to prove what statements Haufmeister had made before the recorder, without first calling his attention on his examination to his previous statements.

The defendant proved that his general character as a peaceable man was good, but the court sustained the objection to the inquiry as to his character for industry, which was proper; because whenever evidence of character is admissible it is restricted to the trait of character which is in issue and must have reference to the nature of the charge. (3 Greenl. Ev. sec. 25.)

There is no error in the instructions given by the court, and, though the proposition contained in the first instruction asked by the defendant is undoubtedly true, that to maintain the charge against the defendant it was necessary to prove that he was aware of the felonious intent of Gaughy in making the assault, yet the principle was contained in the instruction given, in these words : " In order to render a person an accomplice and a principal in felony he must be aiding and abetting at the fact or ready to afford assistance if necessary, and with a knowledge of the fact to be commited ; or, in other words, the aider and abettor must be present aiding and abetting to the felony, with a felonious intent."

There was no proof to justify the suspicion that Gaughy stabbed Haufmeister in self-defence, and therefore there was no propriety in framing the instructions on that hypothesis. Witnesses testified on both sides, whose testimony was contradictory, and after the court had given the instruction that if the jury believed from the evidence that any witness or witnesses in the cause had wilfully testified falsely as to any material fact in the case, they were at liberty to disregard the whole of the testimony of such witness or witnesses, there was no error in refusing the defendant's instruction on the same subject which was aimed directly at one of the witnesses.

All the judges concurring, the judgment will be affirmed.