LOUIE REIS v. THE STATE.

No. 18265. Delivered June 10, 1936.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*A. O. Newman,* District Attorney, and *W. Marcus Weather-*red, Private Prosecutor, both of Coleman, and *Lloyd W. David-*son, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, twenty-one years in the penitentiary.

The State's theory of this case is that deceased Brown had a considerable sum of money which he carried on his person most of the time; that this becoming known to Stanley Wood, he and this appellant planned to get said money, and finally

to kill Brown in order to get it. It was claimed that Brown was in love with a woman who was not divorced from her husband, and that under the pretext that they were going to get said woman to come to a certain point and there meet Brown, who would take her out of the State to where she could get a divorce,—appellant and Wood lured Brown to the place where he was killed and his body put in a car, which was driven to a steep place and the car turned loose in high gear with the body of deceased in it. The State's theory was that this was done in an effort to create belief that the death of deceased was an accident. The testimony is lengthy and covers much ground. We see no need for setting same out, there being no substantial claim that the testimony is not sufficient if believed to justify the conclusion of guilt.

Appellant sought a change of venue. The law is well settled that this court will uphold the refusal of a change of venue sought because of alleged prejudice against the accused by the citizens to such an extent that a fair and impartial trial cannot be had in the county,—in a case where the record shows conflicting testimony on the point, unless there be some showing of an abuse of the discretion confided in the trial judge. Barnes v. State, 59 S. W., 882; Tubb v. State, 55 Texas Crim. Rep., 617; Lacy v. State, 30 Texas App., 119; Welk v. State, 99 Texas Crim. Rep., 235; Walker v. State, 98 Texas Crim. Rep., 663; Carlile v. State, 90 Texas Crim. Rep., 1. The facts before us here reveal such a state of conflict. Many witnesses called for appellant admitted on cross-examination that they thought he could get a fair trial in Coleman County. All the witnesses for the State so testified. A jury was gotten from the original venire. Bill No. 1 manifests no error.

In his rebuttal on the issue of a change of venue appellant wanted to call the members of the special venire as witnesses in his behalf on the hearing of his application for change of venue. The court refused to allow this. We think the bill complaining of the court's refusal shows no error. None of the veniremen had been summoned as witnesses for appellant. It is not set up that any of them knew facts not as well known to other citizens of their communities. We think appellant's bill without merit. Instances might arise when those summoned on special venires could or might be used as witnesses in such a proceeding, but ordinarily such practice would seem against orderly procedure and sound judicial policy. That one is a witness in a case is made by statute a ground of challenge for cause, and,—except for good reasons stated,—neither

party to a suit should be allowed to indiscrimnately call as witnesses those already summoned to sit as jurors in such case. No venireman was named by appellant as desired as such witness, nor is it shown what testimony could be obtained from any such venireman.

Complaint is made of the fact that the attorney for the State made an opening statement to the jury. Our statute (Art. 642, C. C. P.) contemplates the making of such statements of the nature of the accusation, and the facts expected to be proved by the State in support thereof. That the statement was made in this case was not error. Himmelfarb v. State, 174 S. W., 586; Herndon v. State, 198 S. W., 788.

Bills of exception 5, 6 and 9 complain of the introduction of testimony relative to material matters occurring out of the presence of the accused. The complaint has no merit. In each instance the testimony objected to was pertinent and not hearsay. The mere fact that the fact or thing referred to in testimony was something that occurred out of the presence of the accused would not make it objectionable. Manifestly many things become material in the trial of criminal cases which relate to matters necessary to make out a case, which matters take place out of the presence of the accused, such as finding the fruits of the crime, or following the trail made by the criminal, etc., etc.

Bills 7 and 8 bring forward objections to the testimony of Dr. Bailey, a physician who viewed the body and testified to the character of the wounds upon same; and the testimony of an undertaker of thirty years experience, each of whom gave his judgment as to the seriousness of the wounds appearing upon the body and the character of the instrument that inflicted them. Each witness fully qualified himself. The bills manifest no error.

We have examined with interest and care each of appellant's remaining bills of exception, and confess our inability to agree with appellant that any of same show error for which this case should be reversed. Appellant made a lengthy written and signed confession, admitting that he and Wood killed Brown; that Wood told him Brown had drawn $1750.00 from a bank at Winters, Texas, which they planned to get. He admitted that he used an iron pipe at the time of the killing, and that after killing Brown they searched his body and failed to find the money referred to, which was shown by other testimony to be concealed under a tight fitting garment of some kind, but appellant admitted that they did get about $67.00 off

the person of Brown. Appellant got two $20.00 bills which he hid but later told the officers of, and they found the money. Appellant told where he threw the iron pipe and some gloves, and at a point near a bridge the pipe and gloves were found. We confess total inability to see anything in this record which would justify the introduction of the testimony given by Wood upon his trial in Brown County which antedated that of appellant; nor are we able to find here any reason for admitting in testimony the good reputation of Wood for honesty and integrity; nor for the introduction of a copy of the judgment entered upon the trial of Wood. Certainly complaint could not be based upon the refusal of the trial court to let one Partridge testify to a conversation he heard between appellant and Wood when both the statement of facts and certificate of the trial judge placed upon the bill of exceptions show that said witness testified that he heard no communication between appellant and Wood on the occasion referred to.

There would seem no doubt but that the question asked defense witness Cardwell by the district attorney was improper, but appellant's objection to said question as to whether Cardwell was a leading bootlegger was promptly sustained and the jury instructed not to consider same, and in such case we see no sound reason for concluding the matter capable of serious injury to the cause of appellant. Nor was it error for the sheriff to identify a pair of pants which he found in a well near the home of appellant's father after appellant in his confession said he threw into said well the pants worn by him at the time of the alleged killing.

We have no reason to question the judgment of the jury in fixing the penalty in this case, nor to measure same by the fact that a lighter penalty was given the older man implicated.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*