## THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. SILVIO A. SBRILLI, PLAINTIFF IN ERROR.

Submitted January 22, 1947—Decided July 29, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the plaintiff in error, *Edmund A. Hayes.*

For the state, *Matthew F. Melko,* Prosecutor of the Pleas.

The opinion of the court was delivered by

HEHER, J. Plaintiff in error was convicted of rape. He sued out a writ of error and, upon the making of the return, he specified nine causes for reversal of the judgment, but assigned no error upon the bill of exceptions.

The case is not before us under *R. S.* 2:195–16, for want of the certification of "the entire record of the proceedings had upon the trial." The sessions judge and the clerk merely certified and returned "the indictment, plea, sentence, order, and all proceedings, together with all things touching and concerning the same, as by the within writ to us directed, we are commanded." This is the formal return of the record on error, and comprehends no more than the record called for by the writ of error; it does not suffice to invoke the more extensive review provided by the cited statute. *State* v. *Cioffe,* 128 *N. J. L.* 342; *affirmed,* 130 *Id.* 160; *State* v. *Stephan,* 118 *Id.* 592; *State* v. *Samaha,* 93 *Id.* 482; *State* v. *Ramage,* 91 *Id.* 435; *State* v. *Armstrong,* 88 *Id.* 280; *State* v. *Webber,* 77 *Id.* 580. Thus, the case is before us on strict error and bill of exceptions; and, as we have seen, there are no assignments of error, either upon the record itself or upon the bill of exceptions. And *R. S.* 2:195–17 provides that the plaintiff in error "shall assign and file errors, and serve a copy thereof on the defendant in error or his attorney, within thirty days after the return of the writ," or such extension of time as the court may grant, "or be *non prossed.*" Where no legal challenge to the action of the sessions is properly before the appellate court by either mode of review, the judgment should be affirmed. *State* v. *Ramage, supra.*

But the rulings constituting the subject-matter of the argued causes for reversal are comprised within the bill of exceptions, and so assignable for error; and, in view of the gravity of the accusation, we have considered them as if in form assignments of error under section 2:195–17, *supra,* and have found them unexceptionable. The specifications involve rulings on evidence and instructions to the jury. There is no contention that the verdict was contrary to the weight of the evidence. A review in these circumstances is in keeping with the spirit of the new appellate procedure provided by chapter 187 of the laws of 1946, effective after the issuance of the writ of error herein. *Pamph. L., p.* 775.

The first of these rulings was a denial of the accused's motion to strike out an answer given by a physician who made a vaginal examination of the prosecutrix after the occurrence in question which clearly embodied his own expert finding of menstrual inactivity at the time as well as a statement by the prosecutrix to the like effect. It is now said that the latter is hearsay, and the motion to strike out should therefore have been granted. But this reason was not advanced in support of the motion when made. Indeed, no reason at all was given; and the point is therefore not now available to the accused. *Lyon* v. *Fabricant,* 113 *N. J. L.* 62. And this ground would not warrant the striking out of the answer in its entirety, as prayed, for it included competent testimony. *State* v. *Kubaszewski,* 86 *Id.* 250. Moreover, the evidence challenged as hearsay was in no sense prejudicial, considered in relation to the facts and circumstances in proof, which need not be set out at length. It suffices to say that sexual intercourse was admitted.

And there was no error in overruling the accused's inquiry of a character witness called by him as to his "reputation for chastity and morality during the time that he was living in the place overseas where" the witness "and he were serving together."

First, if the legal propriety of the inquiry otherwise be conceded *arguendo,* the requisite basis for the question was not laid. It was not first shown that the witness knew the accused's reputation in the particulars stated. *State* v.

*Snover,* 63 *N. J. L.* 382; *State* v. *Polhemus,* 65 *Id.* 387; *State* v. *Bloom,* 89 *Id.* 418; *State* v. *Baldanzo,* 106 *Id.* 498; *Ippolito* v. *Turp,* 126 *Id.* 403. The witness did not say he knew his reputation; he said merely that he "served" with the accused "overseas" in the military but nine weeks "altogether," and that he had "known" him for six years. The accused was in military service for three years; he was discharged two months prior to the time of the alleged crime. He was twenty-four years of age; and he had always lived in Highland Park, except during the period of his military service. One's reputation at the place of a brief temporary residence ordinarily has no probative force; and its admissibility, if admissible at all, involves the exercise of a sound judicial discretion. *State* v. *Quinlan,* 86 *Id.* 120; *affirmed,* 87 *Id.* 333. There was evidence of good reputation in the community in which the accused lived.

There was no error in overruling the offer in evidence of the accused's honorable discharge from the nation's armed forces and his "good conduct medal."

It is argued that these certificates were admissible "to show that his conduct for chastity, morality and generally while in the service was good." But they were not evidence of the accused's reputation in the community in which he lived as respects the trait of character involved in the crime laid in the indictment. *State* v. *Unger,* 103 *N. J. L.* 18; *affirmed,* 104 *Id.* 448.

The criticisms of the judge's charge to the jury are not well founded, either as to the applicable principles of law or the comments upon the evidence. They do not merit specific discussion.

Judgment affirmed.