**STATE of Missouri, Respondent,**

v.

**Calvin Alan CULLEN, Appellant.**

**No. KCD 26562.**

Missouri Court of Appeals,
Kansas City District.

Feb. 4, 1974.

Willard B. Bunch, Public Defender, Christopher Dye, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM:

█ This is an appeal from a jury verdict finding appellant guilty of burglary in the second degree. Three allegations of error are presented, none of which were preserved by appellant in his motion for new trial. This being so, review may only be undertaken if we should be convinced that a plain error has occurred affecting substantial rights of the appellant and that a miscarriage of justice or manifest injustice has resulted therefrom. Rule 27.20(c), V.A.M.R.

Appellant's initial point of error involved the rehabilitation of the state's complaining witness, Mrs. Pearlean Hudson. On cross-examination, defense counsel, in an effort to cast doubt upon Mrs. Hudson's credibility, subjected her to a line of questioning relative to her mental competency. She was asked whether she had been hospitalized for a mental illness in 1969, and whether, at that time, she had told police officers that someone had been attacking her with a hammer. In an effort to rehabilitate Mrs. Hudson, the state called Mrs. Janet Stutz as a rebuttal witness. Mrs. Stutz was asked what the reputation of Mrs. Hudson was for truthfulness in the community. After objection by defense counsel, upon grounds not asserted on this

appeal, Mrs. Stutz replied that she had never found Mrs. Hudson to be untruthful.

In Missouri, it is clear that where a witness' character has not been assailed, it is error to bring in testimony as to the witness' reputation for truth and veracity. Humphries v. Shipp, 238 Mo.App. 985, 194 S.W.2d 693 (1946). Mrs. Hudson's honesty or character was not assailed, rather, her mental competency was inquired into. Such an inquiry does not warrant rebuttal as to her reputation for truth and veracity. State v. Crow, 486 S.W.2d 248 (Mo.1972). Such inquiry goes merely to the weight the jury may afford the witness' testimony. State v. Simerly, 463 S.W.2d 846 (Mo.1971). This being so, the rehabilitation of Mrs. Hudson was improper. Our inquiry must now proceed to the determination of whether this error rises to the level of a plain error affecting the substantial rights of the appellant, and to whether a manifest injustice or miscarriage of justice has resulted therefrom. Rule 27.20(c). Further, we may inquire as to whether the admission of this improper rehabilitation had a decisive effect on the jury. State v. Elmore, 467 S.W.2d 915 (Mo.1971). No manifest injustice nor miscarriage of justice appearing, and finding the testimony of Mrs. Stutz to be harmless, we find no plain error and choose not to grant relief under Rule 27.-20(c).

Appellant's second point of error also deals with the testimony of Mrs. Stutz. Mrs. Stutz was asked whether she had entrusted Mrs. Hudson with the care of her children, to which Mrs. Stutz stated she had. Defense counsel objected to the question on the basis of relevancy and was overruled.

This objection, as appellant concedes, was likewise not preserved for review. Further, rulings as to the admission of testimony, even if technically erroneous, do not constitute grounds for relief as plain error unless its erroneous admission resulted in manifest injustice or a miscarriage of justice. Rule 27.20(c); State v. Patterson, 443 S.W.2d 104 (Mo. banc 1969). This being so, and finding that this testimony could not have had a decisive effect on the jury, relief under Rule 27.20(c) is denied. State v. Elmore, 467 S.W.2d 915 (Mo.1971).

Appellant next complains that he was denied due process of law in that the arresting officer and complaining witness were allowed to testify as to the identification of a brown leather purse allegedly taken from the Hudson apartment. Appellant contends that due to the officer's negligence in returning the purse to the complaining witness (from whom it was later stolen), he was denied the opportunity to cross-examine Officer McBride and Mrs. Hudson concerning identification of the purse. Appellant cites no helpful authority, and does not successfully distinguish State v. Barron, 465 S.W.2d 523 (Mo. 1971), wherein the court, in a similar fact situation found this contention to be without merit unless an intentional suppression be shown, citing State v. Thompson, 396 S.W.2d 697 (Mo.1965). This final point of error was also not preserved for review, and as the others, does not merit consideration as plain error. Rule 27.20(c); State v. Smith, 310 S.W.2d 845 (Mo.1958).

The judgment is affirmed.