**STATE of Missouri, Respondent,**

v.

**Terry L. CHRISTIAN, Appellant.**

**No. KCD 29424.**

Missouri Court of Appeals,
Kansas City District.

Aug. 28, 1978.

William F. Bauer, Acting Public Defender, Fifth Judicial Circuit of Missouri, St. Joseph, for appellant; Jere E. Lloyd, St. Joseph, assisted preparation of brief.

No brief filed for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant was tried and convicted of assaulting a police officer while the latter was engaged in discharging his official duties, a misdemeanor. Punishment was fixed at thirty days confinement in the Buchanan County Jail and payment of a $100.00 fine.

A brief narration of the apical facts follows: At approximately 3:30 A. M. on the morning of October 22, 1976, two members of the St. Joseph, Missouri, Police Department were en route to the apartment of Sheryl Christian, defendant's estranged wife, in response to a "disturbance call". Upon arrival they observed defendant exiting the apartment building and heard a woman yelling for them to stop the defendant. Defendant was approached by one of the officers and asked to stop and talk with him. Defendant refused to do so and kicked the officer. A struggle then ensued between defendant and the officer during which time defendant struck the officer several times. Defendant was eventually restrained and placed under arrest.

Defendant called his wife, Sheryl Christian, as a witness. Her testimony differed in some respects from that of the two police officers called by the state. For instance, defendant's wife testified that she observed

the altercation from her kitchen window and never saw defendant strike the officer. When defense counsel attempted to elicit from defendant's wife that her father was a police officer and that she felt no animosity toward the police department an objection was lodged by the state which was sustained by the trial court. Defense counsel's proffered theory being that it was admissible for the purpose of rehabilitating the witness. The trial court's refusal to permit defense counsel to elicit the aforementioned testimony from defendant's wife is the only point of error raised by defendant on appeal.

The only authority cited by defendant to support his single assertion of error consists of the following incomplete statement abstractly lifted from Wigmore on Evidence, Vol. VII, § 2034(3), page 344: "The *mere assertion of any witness* need not be believed, *even though he is unimpeached* in any manner, . . .". The state (office of the prosecuting attorney) has been even more remiss as it bluntly informed this court by letter as follows: "This office does not intend to file a brief in the matter and asks that the court consider the appeal on appellant's brief only." Lacking assistance from any quarter, this court has had to rely upon its own research to dispose of the single point of error raised by defendant.

■ No attack upon Sheryl Christian's credibility as a witness has been made at the time the controversial testimony was ruled inadmissible by the trial court. The existence of inconsistencies and contradictions between the testimony of defendant's wife and that of the police officers called by the state was not the equivalent of an attack upon her credibility so as to open the door for her rehabilitation. *Milan Bank v. Richmond*, 235 Mo. 532, 139 S.W. 352 (1911), *rev'd on other grounds*. Defense counsel's attempt to bolster her credibility was premature. As noted in Jones on Evidence, 6th Ed., Vol. 4, § 26.24, p. 230, "[u]ntil the credibility of his witness has been assailed, a party may not introduce evidence for the purpose of supporting the witness' character or credibility." Collaterally, evidence which is offered in support of a witness' character or credibility before any impeaching evidence has been introduced is premature and properly excludable. *State v. Cooper*, 71 Mo. 436 (1880); and *State v. Cullen*, 506 S.W.2d 22 (Mo.App.1974).

Judgment affirmed.

All concur.