412 A.2d 1106

**COMMONWEALTH of Pennsylvania**

v.

**William C. RAINEY, Appellant.**

Superior Court of Pennsylvania.

Argued July 24, 1979.

Filed Oct. 19, 1979.

Vincent T. Snyder, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, and with him Nancy D. Wasser, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

244

O'BRIEN, Justice:

Appellant, William Rainey, was convicted in a jury trial of murder of the second degree and two counts of robbery. Post-verdict motions were denied and appellant was sentenced to life imprisonment with two ten-to-twenty year prison terms for the robbery convictions. This appeal followed.

The facts of the instant crime are as follows. On December 16, 1975, five men armed with guns entered Cavanaugh's Bar at 58th and Christian Streets in Philadelphia. After announcing a hold up, the group began taking wallets and money when off-duty Philadelphia policeman William Daniels, a patron in the bar in civilian clothes, ran for the door. Daniels was shot in the back and fell to the floor before reaching the door. On the way out, one of the robbers stepped over Daniels' body and shot him in the head. Daniels died as a result of the two bullet wounds.

One of the robbers left a briefcase behind in the bar. Inside was a piece of paper marked "Terez 474–3136". That telephone number was registered to a Mabel Dunning, 5901 Carpenter Street. Police went to the building and found it empty. After the landlady, Mrs. Dunning, arrived, police noticed an entrance to a crawl space in the ceiling. Upon searching the space, appellant and his three companions were found and arrested. Appellant admitted complicity in the robbery but denied involvement in the shooting. Armed with a search warrant, the police searched the premises and found four guns and the deceased's wallet and badge.

Appellant first argues that the trial court erred in refusing to grant a continuance because of pretrial publicity. At the commencement of appellant's trial, appellant sought a continuance because of two newspaper articles which mentioned that one of appellant's co-defendants had been convicted of murder of the first degree and had been sen-

tenced to death.[1] The trial court refused appellant's request for a continuance.

■ A decision on a motion for continuance is within the sound discretion of the trial court. *Commonwealth v. Scott*, 469 Pa. 258, 365 A.2d 140 (1976). Pa.R.Crim.P. 301(a). In the instant case, the court refused the motion, finding that the articles in question were factual in nature. Further, appellant offered no subsequent articles concerning his co-defendant's trial. The court, at the commencement of appellant's trial, instructed the jury that:

"Now, do not read newspapers or other stories about the trial or about the defendant. You must also avoid radio or television broadcasts which might refer to the trial or to the defendant.

"Now, when I refer to the trial of the defendant I also mean the entire incident involving the death by homicide of Corporal William Daniels at the time and place mentioned."

As appellant has not been able to identify any substantial prejudice which denied him a fair trial, we can find no abuse of the trial court's discretion in refusing his motion for a continuance. See *Commonwealth v. Smith*, 480 Pa. 524, 391 A.2d 1009 (1978).

■ Appellant next claims the trial court erred in permitting religious bias to be interjected into the case. At trial, a police officer testified that when police discovered a piece of paper marked "Terez 474–4136" inside a briefcase which the robbers had left in the bar, a check of phone records revealed the telephone number was registered to Mabel Dunning. When police talked with Ms. Dunning, she informed them her granddaughter was named Terez. Police asked where Terez was at the time and Ms. Dunning stated she thought Terez was at a meeting with "the Muslim's exalted ruler." Appellant assigns this remark as error.

1. Neither of the articles was a front page story and only one of the two mentioned appellant's name.

246

Religious beliefs may not be used to impeach the competency or credibility of a witness. 42 Pa.C.S.A. § 5902(b). Here, there was no attempt to discredit any witness on religious grounds. Ms. Dunning's answer was a legitimate response to a valid question on the part of police during investigation of a murder. As such, appellant suffered no prejudice by this reference to religion. Compare *Commonwealth v. Mimms*, 477 Pa. 553, 385 A.2d 334 (1978).

■ Appellant next complains the court erred in permitting the prosecutor to engage in misconduct during his closing argument. In his closing, the assistant district attorney stated:

"Now when you take the circumstantial evidence that is present in this case and I say to you ladies and gentlemen of the jury the circumstantial evidence that you have in this particular case without the statement is sufficient to convict this defendant of murder in the first degree."

Appellant believes this amounts to an impermissible statement by the prosecutor of his personal belief of appellant's guilt. Appellant further alleges the statement was a misstatement of the evidence because, in appellant's view, the only evidence connecting appellant to the crime was his own incriminating statement.

Appellant's argument is totally without merit on both facets of his argument. The prosecutor was in no way interjecting his personal belief of appellant's guilt; he merely told the jury the evidence presented at trial was sufficient to warrant a conviction for murder of the first degree. Further, circumstantial evidence of appellant's guilt abounds in the trial record of the instant case.

■ Appellant next argues the prosecutor misstated the evidence when he informed the jury that Mabel Dunning told police her granddaughter, Terez had Muslim visitors. Ms. Dunning never told police her granddaughter's visitors were Muslims. However, she did tell police Terez had visitors from out-of-town and that Terez was at a Muslim meeting. As Terez's apartment was empty of visitors, save

appellant and his confederates, the prosecutor drew a legitimate inference from the evidence, thus making his remarks proper. *Commonwealth v. Harvell*, 458 Pa. 406, 327 A.2d 27 (1974).

Appellant finally complains he was denied effective assistance of counsel. He first cites as ineffective trial counsel's failure to allege the want of probable cause to arrest appellant.

■ It is not ineffective for counsel to pursue baseless or fruitless motions. *Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973). The record in the instant case can only lead to one conclusion: appellant's arrest was based on probable cause. As previously mentioned, police went to Mabel Dunning's residence immediately after the instant homicide. When Ms. Dunning informed police she had discovered recently fallen plaster under a crawlspace in the second floor apartment, police returned to that area. Upon opening the trap door, police found four individuals hunched up, lying bare chested in a corner of the crawlspace. Under these circumstances, probable cause to arrest existed.

■ Appellant next asserts that trial counsel was ineffective for failing to move to sequester the jury. As the record reveals that counsel did request sequestration, which the trial court denied, appellant's claim is meritless.

■ Appellant next challenges the effectiveness of counsel's representation in that trial counsel failed to object to two instances of alleged prosecutorial misconduct in the district attorney's closing argument. First, appellant argues his counsel was ineffective in failing to object when the prosecutor "characterized the date of the crime as being 'nine days before Christmas' ".

"Characterizations" aside, we first note that the date of the instant crime was, in fact, December 16, a fact of which the jury, at the conclusion of this four-day trial, had been fully apprised. Moreover, the record indicates that the reference to the fact that the crime occurred nine days prior to Christmas was merely a passing reference uttered once.

Appellant, then, in essence, asks of us that we impose an additional stricture upon the permissible scope of argument by a prosecutor to proscribe, even if factually accurate, any reference to the proximity between the crime being tried and Christmas. This we refuse to do. Applying, rather, the traditional test to the instant case, we do not find the remark complained of was likely to have so inflamed the jury as to have deprived the accused of a fair and impartial trial. *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977). Because objection to the prosecutor's reference would have been a fruitless act, failure to do so does not constitute ineffective assistance of counsel. *Commonwealth v. Roach*, 479 Pa. 528, 388 A.2d 1056 (1978). Appellant's argument is, thus, without merit.

▇ Next appellant assigns as ineffective assistance his trial counsel's failure to object to an instance of alleged prosecutorial misconduct wherein, during his summation, the district attorney made reference to the photographs of the victim's children which were in the victim's wallet.

We initially note that the wallet and its contents were of significant probative value in the instant case. The theft of the victim's wallet was one of the crimes underpinning appellant's robbery conviction. Moreover, the contents of the wallet, i. e., the photographs, the victim's badge and identity card, which were found in the apartment in which appellant was arrested, were highly probative in connecting appellant and his co-defendants to the instant crime.

Appellant's reliance upon *Commonwealth v. Lark*, 460 Pa. 399, 333 A.2d 786 (1975) is misplaced. The prosecutor's closing argument in *Lark, id.*, was, in fact, an "invitation to give vent to visceral and unreasoned responses." Instantly the remark complained of was a passing reference to evidence, admitted without objection, of great probative value. Because otherwise relevant, we hold the passing reference to this evidence was not an appeal to the prejudices or sympathies of the jury. *Commonwealth v. Story*, 476 Pa. 391, 383

A.2d 155 (1978). Appellant's trial counsel's failure to object to this reference was, hence, not ineffective assistance.

■ Finally appellant argues his trial counsel was constitutionally ineffective in failing to preserve in post-verdict motions his original objection to a portion of the prosecutor's closing argument. In closing, the prosecutor undertook to explain, at some length, the Commonwealth's theory of the case, i. e., accomplice liability. At the conclusion of this explanation the prosecutor opined:

". . . and the purpose of this law, this accessory law, is to protect the citizenry of this Commonwealth, and this city and the citizens everywhere.

"We know that it did not protect Corporal William Daniels on the evening of December 16, 1975. We can only hope that it will protect others in the future."

Appellant does not now contend, nor could he, that the prosecutor exceeded the guidelines of permissible argument when he explained to the jury the Commonwealth's theory of the case. Moreover, appellant's defense was founded upon the proposition that because he had not known a killing might result from his participation in the robbery, his guilt was in some fashion mitigated. In these circumstances it was not improper for the prosecutor to explain to the jury the public policy underlying the theory of accomplice liability.

Though the prosecutor's final comment may have been improper, any impropriety in these facts, did not rise to the level of reversible error. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975); *Commonwealth v. Goosby*, 450 Pa. 609, 301 A.2d 673 (1973). Since inclusion of this claim of error in post-verdict motions would not have entitled appellant to relief, failure to do so was not ineffective assistance of counsel.

Appellant's assertions of ineffective assistance of counsel are, consequently, without merit.

Judgment of sentence affirmed.