443 A.2d 1172

COMMONWEALTH of Pennsylvania

v.

**Jerry R. FAWCETT, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1981.

Filed April 2, 1982.

Peter T. Campana, Williamsport, for appellant.

R. Michael Kaar, Assistant District Attorney, Milton, for Commonwealth, appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

382

WIEAND, Judge:

Jerry Fawcett was tried by jury[1] and found guilty of rape,[2] involuntary deviate sexual intercourse,[3] and involuntary servitude.[4] Post trial motions were dismissed, and Fawcett was sentenced to prison for not less than four nor more than fifteen years. On appeal, he alleges numerous trial errors. All will be considered; only one has merit.

■ Appellant's first contention is that the trial court erred when it denied a defense request to sequester the alleged victim. There is no merit in this contention. In Pennsylvania it has long been established that the sequestration of witnesses is a matter within the discretion of the trial judge. *Commonwealth v. Fant,* 480 Pa. 586, 591, 391 A.2d 1040, 1043 (1978), *cert. denied,* 441 U.S. 951, 99 S.Ct. 2180, 60 L.Ed.2d 1056 (1979); *Commonwealth v. Martin,* 479 Pa. 609, 616, 388 A.2d 1361, 1365 (1978); *Commonwealth v. Yount,* 455 Pa. 303, 318, 314 A.2d 242, 250 (1974); *Commonwealth v. Kravitz,* 400 Pa. 198, 218, 161 A.2d 861,. 870–871 (1960), *cert. denied,* 365 U.S. 846, 81 S.Ct. 807, 5 L.Ed.2d 811 (1961); *Commonwealth v. Turner,* 371 Pa. 417, 429, 88 A.2d 915, 921 (1952); *Commonwealth v. Kaye,* 232 Pa.Superior Ct. 513, 518, 335 A.2d 430, 433 (1975); *Commonwealth v. Howard,* 226 Pa.Superior Ct. 22, 26, 312 A.2d 54, 56 (1973), *cert. denied,* 419 U.S. 900, 95 S.Ct. 184, 42 L.Ed.2d 146 (1974). "The purpose of sequestration of witnesses is to reduce the possibility that a witness may, from what he hears in the courtroom, improperly mold his testimony to fit some plan not riveted to the standards of truth." *Commonwealth v. Smith,* 424 Pa. 9, 14, 225 A.2d 691, 694 (1967). Accord, *Commonwealth v. Fant,* supra 480 Pa. at 592, 391 A.2d at 1043. "A request for sequestration of a witness or witnesses should be specific and should be supported by some reason or

1. The jury acquitted Fawcett of burglary, aggravated assault and harassment.

2. 18 Pa.C.S. § 3121.

3. 18 Pa.C.S. § 3123.

4. 18 Pa.C.S. § 2902(2).

reasons demonstrating that the interests of justice require it." *Commonwealth v. Kravitz*, supra 400 Pa. at 218 n.7, 161 A.2d at 870 n.7. Accord, *Commonwealth v. Holland*, 480 Pa. 202, 213, 389 A.2d 1026, 1031 (1978); *Commonwealth v. Turner*, supra 371 Pa. at 429, 88 A.2d at 921.

■ In the instant case, defense counsel's request to sequester prosecution witnesses was granted, but the court excluded from its order the alleged victim. Defense counsel was not able to support the request to sequester this witness with any facts or argument that such action was necessary or required by the interests of justice. Neither has he assigned on appeal any prejudice as a result of the court's refusal to sequester the alleged victim.

Appellant's identification was not an issue in this case. The occurrence of sexual acts was conceded by the defense. The most significant issue and the one contested most heatedly was whether the alleged victim had consented to the acts in which she and appellant had engaged. They were the only persons present at the time of the alleged offenses. Consequently, there was little likelihood that the prosecuting witness' testimony would be molded to conform to other testimony received. This was peculiarly so where, as here, she was preceded on the witness stand only by a physician and police officers, none of whom were able to testify concerning the issue of consent. Thus, there was no compelling reason to sequester the alleged victim of the rape. Indeed, under the circumstances of this case, it could be argued with persuasiveness that the sequestration of the alleged victim would have unnecessarily hampered the prosecuting attorney's efforts to represent the interests of the Commonwealth. In any event, in the absence of prejudice to appellant, we find no abuse of discretion by the trial court in denying the defense request to sequester the prosecuting witness.

■ We also find lacking in merit appellant's contention that the trial court should have granted defense motions for mistrial because of the prosecutor's comment during final

argument that "the evidence warrants and demands that you bring in a verdict of guilty on all counts." This is not an expression of personal opinion, as appellant contends, and was well within the bounds of legitimate advocacy. *Commonwealth v. Smith*, 490 Pa. 380, 387–88, 416 A.2d 986, 989 (1980); *Commonwealth v. Wilcox*, 316 Pa. 129, 139, 173 A. 653, 657 (1934); *Commonwealth v. Woods*, 275 Pa.Superior Ct. 392, 405, 418 A.2d 1346, 1352–1353 (1980); *Commonwealth v. Oglesby*, 274 Pa.Superior Ct. 586, 593, 418 A.2d 561, 565 (1980); *Commonwealth v. Gunderman*, 268 Pa.Superior Ct. 142, 148–149, 407 A.2d 870, 873 (1979).

Appellant also argues that the district attorney committed prosecutorial misconduct during his closing argument by using the words "trying to deceive" in reference to appellant's testimony. Closing arguments were not transcribed; however, defense counsel objected and paraphrased the statement at issue for the record. We are unable to determine from the record before us whether the district attorney was arguing legitimate inferences from the evidence or impermissibly interjecting his personal opinion regarding appellant's credibility. In view of our decision to award appellant a new trial on other grounds, we will not determine the merits of appellant's argument, as the same situation is unlikely to arise on retrial.

Appellant also contends that the trial court should have granted a mistrial when the prosecuting attorney, during cross-examination of a defense character witness, asked: "Have you ever heard persons in the community ... attribute Mr. Fawcett with the crime of simple assault?" A defense objection was sustained, and the jury was instructed to disregard the question. A motion for mistrial, however, was denied.

A review of the record demonstrates that the trial court's handling of the objection does not require that a new trial be granted. Robert Marks, a defense witness, had been asked on direct examination if he was familiar with appellant's reputation for being a "truthful person." This was

irrelevant.[5]  In the absence of objection, however, the witness asserted that he knew appellant's reputation and that it was good.

■  Until recently, when a defendant has introduced evidence of his own good character, the Commonwealth could then cross-examine the character witness as to whether or not he or she had ever heard persons in the neighborhood attribute particular offenses to the defendant. *Commonwealth v. Amos*, 445 Pa. 297, 300, 284 A.2d 748, 750 (1971); *Commonwealth v. Jenkins*, 413 Pa. 606, 607–608, 198 A.2d 497, 498 (1964).  The cross-examination, however, was required to pertain to offenses which related to the character trait vouched for on direct examination. *Commonwealth v. Becker*, 326 Pa. 105, 116, 191 A. 351, 357 (1937); *Commonwealth v. Thomas*, 282 Pa. 20, 24, 127 A. 427, 428 (1925); *Commonwealth v. Colandro*, 231 Pa. 343, 355, 80 A. 571, 575–576 (1911); *Commonwealth v. Hurt*, 163 Pa.Superior Ct. 232, 236, 60 A.2d 828, 830 (1948); McCormick on Evidence, § 191, n.73 (2d Ed. 1972).  The question asked on cross-examination in the instant case did not pertain to an offense

---

5. In Wharton's Criminal Evidence (13th Ed. 1972) at p. 494, the author writes: "It is irrelevant to show the defendant's reputation for honesty and integrity in a prosecution for adultery (*United States v. Chung Sing*, 4 Ariz. 217, 219, 36 P. 205; *Kee v. State*, 28 Ark. 155; *People v. Cowgill*, 93 Cal. 596, 29 P. 228; *People v. Fair*, 43 Cal. 137; *State v. Dalton*, 27 Mo. 13; *People v. Fitzgerald*, 156 N.Y. 253, 50 N.E. 846; *Kauffman v. People*, 11 Hun (NY) 82); for truth and veracity . . . in a prosecution for statutory rape (*State v. Howland*, 157 Kan. 11, 138 P.2d 424); for good military conduct in a rape prosecution (*State v. Sbrilli*, 136 N.J.L. 66, 54 A.2d 221); for truth and veracity in a robbery prosecution (*People v. Kendall*, 357 Ill. 448, 192 N.E. 378); for honesty and integrity in a murder prosecution (*Reis v. State*, 130 Tex.Crim. 541, 95 S.W.2d 700) . . . ."
Moreover, in the absence of an attack on the credibility of a witness by showing that he has a bad reputation for veracity, a party may not attempt to bolster his witness by showing that he has a good reputation for veracity. See: *Commonwealth v. Pressel*, 194 Pa.Superior Ct. 367, 370, 168 A.2d 779, 780 (1961); *Costello v. Long*, 62 Pa.Superior Ct. 13, 17–18 (1915). See also: *United States v. Jackson*, 588 F.2d 1046, 1055 (5th Cir. 1979), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979); *State v. King*, 197 Neb. 729, 731, 250 N.E.2d 655, 657 (1977); *State v. Cullen*, 506 S.W.2d 22, 24 (Mo.App.1974); IV Wigmore, Evidence § 1104 (Chadbourn rev. 1972); McCormick on Evidence, § 191, p. 455 n. 66 (2d Ed. 1972).

related to appellant's reputation for being a "truthful person." Indeed, there was no relationship whatsoever between the crime of assault and the character trait to which the witness had testified.

In *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981), moreover, the Supreme Court abrogated the rule which permitted character witnesses to be cross-examined regarding *arrests* even when they pertained to the character trait vouched for on direct examination. By so doing, the court has cast a cloud of doubt on the right to cross-examine a character witness concerning any and all prior, relevant offenses absent a conviction therefor.[6]

It is quite clear in the instant case, therefore, that the trial court properly sustained an objection to the question propounded by the District Attorney intending to develop the witness' knowledge of whether people in the neighborhood had previously attributed to appellant the offense of simple assault. It is significant that the question itself did not affirmatively attribute to appellant either an arrest for or the commission of an assault; and the trial court's ruling prevented the question from being answered by the witness. Moreover, the jury was instructed to disregard the question. The question alone, therefore, did not deprive the appellant of a fair trial or require that his motion for mistrial be granted.

6. Writing for a unanimous Court, Chief Justice O'Brien quoted with approval that part of the dissenting opinion of Mr. Justice Rutledge in *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), wherein he wrote:

My own preference and, I think, the only fair rule would be to foreclose the entire line of inquiry concerning specific incidents in the defendant's past, both on cross-examination and on new evidence in rebuttal. This would leave room for proper rebuttal without turning the defendant's trial for a specific offense into one for all his previous misconduct, criminal or other, and would put the prosecution on the same plane with the defendant in relation to the use of character evidence.

Id. at 496, 69 S.Ct. at 228 (Dissenting Opinion).

*Commonwealth v. Scott*, supra, 496 Pa. at 194, 436 A.2d at 610.

Appellant's final averment of error is the most serious and requires that a new trial be granted. During the direct examination of the prosecuting witness, the following exchange occurred:

DISTRICT ATTORNEY: "Do you understand the meaning of the oath that you took when you took the stand?"

WITNESS: "Yes, sir."

DISTRICT ATTORNEY: "Do you believe in a Supreme Being or a God?"

DEFENSE COUNSEL: "Your Honor, we object. I don't see the relevancy of this at all—"

THE COURT: "Mr. Campana, before the Supreme God strikes you down, you better—I'll just say that I'll over-rule your objection and allow an exception on the record for you and allow her to state her belief."

DISTRICT ATTORNEY: "Do you believe in a Supreme Being or a God?"

WITNESS: "Yes, I do."

DISTRICT ATTORNEY: "You're aware that you swore or affirmed an oath to tell the truth at this time?"

WITNESS: "Yes."

DISTRICT ATTORNEY: "Is the recollection of the incidents that took place October 31, 1976, as you have related to the jury, the truth?"

WITNESS: "Yes." (N.T. pp. 179–180)

Appellant argues that both the ruling of the trial judge and the manner in which it was delivered constitute reversible error.

■ The Commonwealth concedes, as it must, that this line of questioning was improper. The belief of the witness in a Supreme Being, elicited for the purpose of bolstering her credibility when her veracity had not been attacked, was irrelevant and inadmissible. See: IV Wigmore, Evidence § 1104 (Chadbourn rev. 1972); McCormick on Evidence, § 49 (2d Ed. 1972).

In Pennsylvania, moreover, such questions are expressly prohibited by statute. The Act of April 23, 1909, P.L. 140, § 3, 28 P.S. § 313, which was in effect at the time of appellant's trial, provided:

No witness shall be questioned, in any judicial proceeding, concerning his religious belief; nor shall any evidence be heard upon the subject, for the purpose of affecting either his competency or credibility.[7]

See also and compare: *Commonwealth v. Greenwood*, 488 Pa. 618, 413 A.2d 655 (1980); *Commonwealth v. Hoskins*, 485 Pa. 542, 403 A.2d 521 (1979); *Commonwealth v. Mimms*, 477 Pa. 553, 385 A.2d 334 (1978); *McKim v. Philadelphia Transportation Co.*, 364 Pa. 237, 72 A.2d 122 (1950); *O'Donnell v. Philadelphia Record Co.*, 356 Pa. 307, 346 n.5, 51 A.2d 775, 793 n.5, *cert. denied*, 332 U.S. 766, 68 S.Ct. 74, 92 L.Ed. 351 (1947); *Commonwealth v. Rawls*, 276 Pa.Superior Ct. 89, 419 A.2d 109 (1980); *Commonwealth v. Rainey*, 271 Pa.Superior Ct. 240, 412 A.2d 1106 (1979); *Commonwealth v. Griffin*, 271 Pa.Superior Ct. 228, 412 A.2d 897 (1979); *Commonwealth v. Brown*, 247 Pa.Superior Ct. 401, 372 A.2d 887 (1977); *Commonwealth v. Allen*, 239 Pa.Superior Ct. 83, 361 A.2d 393 (1976).

In *Commonwealth v. Mimms*, supra 477 Pa. at 559 n.8, 385 A.2d at 336 n.8, the Supreme Court declined "to establish a per se rule of reversible error in any case where a reference to religious beliefs occurs. Whether evidence, admitted in violation of a statute, actually deprives a defendant of his right to a fair trial must be viewed in light of the attendant circumstances."

■ In the instant case, defense counsel properly made an immediate objection to the prosecuting attorney's questions concerning the witness' religious beliefs. This objection was sound; and the trial court's overruling thereof was errone-

---

7. This statutory provision is now to be found in the Act of April 28, 1978, P.L. 202, No. 53, § 2(a)(923), 42 Pa.C.S. § 5902(b), which contains language identical to the former statute.

ous. The error was compounded by the trial judge's intemperate remark which implied that counsel had by his objection incurred the wrath of God.

"[T]he judge 'should be the exemplar of dignity and impartiality. He should exercise restraint over his conduct and utterances . . . When it becomes necessary . . . for him to comment . . . he should do so in a firm, dignified and restrained manner, avoiding repartee. . . .' " *Commonwealth v. Coleman*, 235 Pa.Superior Ct. 379, 386, 341 A.2d 528, 532 (1975), quoting ABA Standards, The Function of the Trial Judge § 6.4 (Approved Draft, 1972). "When a judge subjects counsel for one of the litigants to undeserved oral criticism, the delicate balance upon which the creation of [a fair and impartial] atmosphere depends may be affected. The jury is bound to remember the incident and the danger is too great that the party represented by the lawyer thus criticized may be prejudiced." *Commonwealth v. Horvath*, 446 Pa. 11, 18, 285 A.2d 185, 188 (1971). See also: *Commonwealth v. Stallone*, 281 Pa. 41, 43–44, 126 A. 56, 57 (1924); *Commonwealth v. Harrison*, 228 Pa.Superior Ct. 412, 415, 323 A.2d 72, 74 (1974).

The principal issue, as we have seen, was whether the prosecuting witness consented to or was physically forced to engage in the sexual acts which both sides agree took place. In large measure the determination of this issue depended upon the credibility of the prosecuting witness and the appellant. Appellant was placed at an unfair disadvantage and was deprived of a fair trial when the trial judge not only allowed improper evidence of the witness' belief in a Supreme Being but also impliedly placed both God and the court on the side of the Commonwealth.

The judgment of sentence is reversed, and the case is remanded for a new trial.

PRICE, J., dissents.