J-A08035-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK HARRISON, | : | |
| | : | |
| Appellant | : | No. 2659 EDA 2016 |

Appeal from the Judgment of Sentence August 15, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010296-2013,
CP-51-CR-0010297-2013, CP-51-CR-0010308-2013

BEFORE:   PANELLA, LAZARUS, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 30, 2018**

Patrick Harrison (Appellant) appeals from the August 15, 2016 judgment of sentence imposed after a jury found him guilty of several counts of simple assault, recklessly endangering another person, and firearms violations. Upon review, we vacate Appellant's judgment of sentence and remand for a new trial.

Appellant's convictions arose from an incident that occurred on a street in Philadelphia, Pennsylvania.  On July 23, 2013, at about 9:00 p.m., Edward Brown (Brown) was sitting in the driver's seat of his parked vehicle, along with his wife in the passenger seat, talking to their 17-year old son through the passenger window.  Brown heard a gunshot.  Looking in his car's mirrors and rear window, Brown saw someone pointing a gun in the direction of Brown's

---

*Retired Senior Judge assigned to the Superior Court.

vehicle. A second gunshot followed, which shattered the rear window of Brown's vehicle. The gunshots did not strike any people. Brown later identified Appellant as the shooter, and he was arrested and charged with numerous offenses, including aggravated assault, simple assault, firearms violations, and criminal mischief.

On April 29, 2016, a jury found Appellant guilty of three counts each of simple assault and recklessly endangering another person, and two firearms violations. Further, in a stipulated trial on the same day, the trial court found Appellant guilty of an additional firearms violation. On August 15, 2016, the trial court sentenced Appellant to an aggregate term of three and one-half to seven years of incarceration, followed by two years of probation. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth one issue for our review: "Did not the trial court err in allowing the prosecutor, over objection, to cross-examine [Appellant] about his religious beliefs and willingness to swear on the Bible?" Appellant's Brief at 3 (answer omitted).

We provide the following background. At trial, Appellant testified on his own behalf, first affirming he would testify truthfully. *See* Trial Court Opinion, 4/26/2017, at 17 ("[Appellant] made an affirmation to testify truthfully by raising his right hand like every other witness during trial."). Then, on cross-

examination, while the prosecutor questioned Appellant about whether he recognized Brown, the following exchange occurred:

> [PROSECUTOR:]  What you're saying is when you went to another hearing that's when you recognized [Brown], right?
>
> [APPELLANT:]  That's when -- yea.
>
> [PROSECUTOR:]  That's when you realized, oh my God, that was that guy who I saw in the police district when I got arrested?
>
> [APPELLANT:]  Well, I didn't say because I don't like to say, oh, my God, I don't like to use God's name because he's the judge of us all.  So I like to use a term more frequent like, oh, no, you know, like they're really doing this to me.  That's how I felt, because like, you know, I got goals in my life.  Like I just finished school.  I'm trying air conditioning/refrigeration, so everything had to stop for me.
>
> ***
>
> [PROSECUTOR:]  So you don't like to use the Lord's name in vain?
>
> [APPELLANT:]  No, a God-fearing man.
>
> ***
>
> [PROSECUTOR:]  But you don't know [Brown] right, never met him before?
>
> [APPELLANT:]  No.
>
> [PROSECUTOR:]  No anger towards him or anything?
>
> [APPELLANT:]  Anger rests in the bosom of fools.[1]

N.T., 4/27/2016, at 160-62.

_____

[1] According to the Commonwealth, this is a quote from "Ecclesiastes 7:9 (King James [v]ersion)."  Commonwealth's Brief at 10-11.

Subsequently, and after an unrelated and nonreligious line of questioning, the prosecutor raised the issue of whether Appellant swore or would be willing to swear on the Bible:

[PROSECUTOR:]  Sir, when you swore to tell the truth today, did you put your hand on that [B]ible?

[APPELLANT:]  I didn't have to, did I?

[PROSECUTOR:]  I'm asking you, did you?

[APPELLANT:]  I didn't have to, did I?

[DEFENSE COUNSEL:]  Your Honor, I object [t]o the last question. He wasn't asked to do that. He was just asked to simply raise his right hand, and swear to tell the truth, the whole truth and nothing but the truth. He was not asked to put his hand on the [B]ible, and not a single witness who has testified in this trial has been asked to do that.

[PROSECUTOR:]  That may be, Your Honor, and I missed that, and if that's the case, I'll withdraw that. But I would ask if you'd have a problem swearing, on the [B]ible that you were telling the truth this entire time. Do you have a problem doing that?

[APPELLANT:]  This is probably why you have problems, because Jesus Christ said you're not supposed to swear at all. Swearing is an omen only given to God.

[PROSECTOR:]  Very well said. Would you put your hand on that [B]ible and swear that everything you said today --

[DEFENSE COUNSEL:]  Objection, you're asking this person to do something different that every other person --

[APPELLANT:]  I don't swear at all.

THE COURT:  I know counsel is asking him to do that. I suppose he's asking hypothetically. Counsel?

[PROSECUTOR:]  Thank you.

- 4 -

[DEFENSE COUNSEL:] He didn't ask the other witnesses that hypothetically.

THE COURT: Overruled, counsel.

[PROSECUTOR:] You can answer the question. You don't swear on the [B]ible, right?

[APPELLANT:] No, sir.

[DEFENSE COUNSEL:] And I once again, I object. Everybody was asked to swear or affirm. No one comes in here --

THE COURT: Counsel, nobody talked about religion like this witness either. So he opened the door to some of those questions.

[DEFENSE COUNSEL:] Actually the person who started talking about this --

THE COURT: Actually, we're not going to go too far --

[DEFENSE COUNSEL:] Was the DA.

THE COURT: I'm talking right now. And I know no one else is talking when I talk. Now we're not going to go too far down that line.

[PROSECUTOR:] I'm done with that line of questioning, Judge.

N.T., 4/27/2016, at 163-65.

On appeal, Appellant argues the trial court erred in overruling the objections to this line of questioning about swearing on the Bible. According to Appellant, this is banned explicitly by 42 Pa.C.S. § 5902(b) and the relevant case law. *See* Appellant's Brief at 10-14. The Commonwealth responds that, by raising his religious beliefs, Appellant opened the door to this line of questioning, and thus it was permitted. Commonwealth's Brief at 8-13.

- 5 -

We review this claim mindful of the following. "The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion." ***Commonwealth v. Antidormi***, 84 A.3d 736, 749 (Pa. Super. 2014). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Id***.

In Pennsylvania, all testifying witnesses must either take an oath or affirm they will testify truthfully.[2] Further, in Pennsylvania, witnesses cannot be questioned about their religious beliefs. Section 5902(b) provides:

---

[2] 42 Pa.C.S. § 5901 provides:

> **(a) General rule.--**Every witness, before giving any testimony shall take an oath in the usual or common form, by laying the hand upon an open copy of the Holy Bible, or by lifting up the right hand and pronouncing or assenting to the following words: "I, A. B., do swear by Almighty God, the searcher of all hearts, that I will [_____], and that as I shall answer to God at the last great day." Which oath so taken by persons who conscientiously refuse to take an oath in the common form shall be deemed and taken in law to have the same effect as an oath taken in common form.

> **(b) Right to affirm.--**The affirmation may be administered in any judicial proceeding instead of the oath, and shall have the same effect and consequences, and any witness who desires to affirm shall be permitted to do so.

42 Pa.C.S. § 5901; ***see also*** Pa.R.E. 603 ("Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience.").

(b) Religious belief may not be shown.—No witness shall be questioned, in any judicial proceeding, concerning his religious belief; nor shall any evidence be heard upon the subject, for the purpose of affecting either his competency or credibility.

42 Pa.C.S. § 5902(b).

This section "prohibits the use of a witness'[s] religious belief or affiliation to bolster or impeach his credibility." *Commonwealth v. Myer*, 489 A.2d 900, 905-06 (Pa. Super. 1985). "The prosecutor's intentions notwithstanding, questions concerning [a witness's] religious beliefs may not be asked[.] … This statute is firmly grounded in prohibitions against religious persecution found in the First Amendment to the United States Constitution and [] Art. I § 3 of the Pennsylvania Constitution[.]" *Commonwealth v. Eubanks*, 512 A.2d 619, 622 (Pa. 1986). "Whether evidence [of religious beliefs], admitted in violation of a statute, actually deprives a defendant of his right to a fair trial must be viewed in light of the attendant circumstances." *Commonwealth v. Mimms*, 385 A.2d 334, 336 n.8 (Pa. 1978).

This Court addressed this issue in *Commonwealth v. Fawcett*, 443 A.2d 1172 (Pa. Super. 1982). On direct examination of a prosecution witness, the following occurred:

DISTRICT ATTORNEY: "Do you understand the meaning of the oath that you took when you took the stand?"

WITNESS: "Yes, sir."

DISTRICT ATTORNEY: "Do you believe in a Supreme Being or a God?"

DEFENSE COUNSEL: "Your Honor, we object. I don't see the relevancy of this at all-"

THE COURT: "[Defense counsel], before the Supreme God strikes you down, you better-I'll just say that I'll overrule your objection and allow an exception on the record for you and allow her to state her belief."

DISTRICT ATTORNEY: "Do you believe in a Supreme Being or a God?"

WITNESS: "Yes, I do."

DISTRICT ATTORNEY: "You're aware that you swore or affirmed an oath to tell the truth at this time?"

WITNESS: "Yes."

DISTRICT ATTORNEY: "Is the recollection of the incidents that took place October 31, 1976, as you have related to the jury, the truth?"

WITNESS: "Yes."

*Fawcett*, A.2d at 1176 (internal citation omitted). Fawcett was convicted. On appeal, the Commonwealth conceded that this line of questioning was improper. Finding that "such questions are expressly prohibited" by section 5902(b), this Court held that the trial court erred in overruling this objection. *Id.* at 1176-77. Accordingly, this Court vacated Fawcett's judgment of sentence and remanded for a new trial. *Id.* at 1177.

In this case, the Commonwealth acknowledges that "[i]t is improper to question an accused about his religious beliefs and exploit those beliefs to impugn his credibility." Commonwealth's Brief at 9. Nevertheless, the Commonwealth maintains that its questioning was proper. We disagree.

Appellant's religious beliefs were irrelevant to any issue at trial and had not been elicited during the direct examination of Appellant. Appellant had been duly sworn in the same manner as all other witnesses at trial. Trial Court Opinion, 4/26/2017, at 17. Nonetheless, the prosecutor, in an effort to impeach Appellant's credibility, repeatedly asked whether he had or was willing to put his hand on the Bible and swear that he was telling the truth. N.T., 4/27/2016, at 163-65. Based on the foregoing, we conclude that this line of questioning during Appellant's cross-examination plainly violated 42 Pa.C.S. § 5902(b), and the trial court erred in not sustaining Appellant's objections.

Even assuming that Appellant opened the door with his reference to God and quote from the Bible (*see* Commonwealth's Brief at 10-11, 13), Appellant would still be entitled to relief. In **Commonwealth v. Greenwood**, 413 A.2d 655, 657 n.3 (Pa. 1980), our Supreme Court held that the trial court committed reversible error by permitting testimony about religious beliefs that was "totally irrelevant and served no useful purpose." Rejecting the Commonwealth's argument that Greenwood had opened the door to these questions on direct examination, our Supreme Court vacated Greenwood's judgment of sentence and ordered a new trial. *Id.* at 657 n.3. Thus, even if Appellant opened the door, the testimony at issue here was irrelevant and served no useful purpose. Accordingly, we do not find the Commonwealth's argument persuasive.

Finally, we conclude that the admission of this testimony was not harmless error. The prosecutor's impeachment tactics, which expressly violated a statute and have no relevance to the issues in the case, are not harmless error. ***See Mimms***, 385 A.2d. at 336 (footnote omitted) ("[T]he impeachment tactics that were employed by the prosecution in violation of an express act of legislature cannot, in the context of the present case, be considered harmless.").

Accordingly, we vacate Appellant's judgment of sentence and remand for a new trial.

Judgment of sentence vacated. Remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/18